(62 Misc. Rep. 326.)

### In re BOARD OF WATER SUPPLY OF CITY OF NEW YORK.

(Supreme Court, Special Term, Westchester County. November, 1908.)

1. EMINENT DOMAIN (§ 265*)—PROCEEDINGS TO TAKE PROPERTY—COSTS.

    Laws 1905, p. 2027, c. 724, entitled "An act to provide for an additional supply of pure and wholesome water for the city of New York," etc., provides in detail for the various steps to the adoption of the plan under which condemnation is required, and for the various steps in condemnation, and was intended to cover the entire proceeding; and, the chapter not providing for the allowance of statutory costs of the action, they cannot be allowed therein, under Greater New York Charter (Laws 1901, p. 222, c. 466) § 496, providing that in proceedings to acquire property for a water supply the commissioners shall recommend such sums as shall seem proper to be allowed to the parties or attorneys as costs, counsel fees, and disbursements, including reasonable compensation for witnesses.

    [Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 265.*]

2. EMINENT DOMAIN (§ 265*)—PROCEEDINGS TO TAKE PROPERTY—COSTS—COUNSEL FEES.

    Laws 1905, p. 2051, c. 725, entitled "An act relating to the acquisition of property by the city of New York for a water supply," etc., being merely

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

supplementary to Laws 1905, p. 2027, c. 724, and providing (section 5) for the allowance of necessary expenses of the proceeding and such counsel fees as may be allowed by the court, not to exceed the limits prescribed by Code Civ. Proc. § 3253, allowing a sum not exceeding 5 per cent. of the value of the subject-matter involved in certain actions, the court, in a proceeding under chapter 724, could allow counsel fees not to exceed 5 per cent. of the amount of the award.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 265.*]

3. EMINENT DOMAIN (§ 265*)—PROCEEDINGS TO TAKE PROPERTY—JUST COMPENSATION—"EXPENSES."

The provisions of Laws 1905, p. 2027, c. 724 as supplemented by Laws 1905, p. 2051, c. 725, for allowance of expenses and disbursements, including witness and counsel fees, are sufficient to satisfy the constitutional requirement of "just compensation," so far as the landowner's necessary expenses are concerned; the term "expenses" being of broad meaning, and covering any necessary expense, except those items specifically mentioned and otherwise provided for in the statute.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 265.*

For other definitions, see Words and Phrases, vol. 3, pp. 2590–2593; vol. 8, p. 7657.]

In the matter of the petition by the Board of Water Supply of the City of New York to acquire real estate under Laws 1905, p. 2027, c. 724, and acts amendatory thereof, in the City of Yonkers, Westchester County, New York. Motion by claimants for the allowance of statutory costs. Denied.

Joseph S. Wood, Joseph A. Flannery, and Woodson R. Oglesby, **for** the motion.

Francis K. Pendleton, Corp. Counsel, and Henry T. Dykman, Special Counsel, opposed.

MILLS, J. This is a proceeding taken under chapter 724, p. 2027, of the Laws of 1905. Upon the motions to confirm the above-mentioned reports counsel for various claimants, to whom awards are made by such reports, ask that such claimants may be allowed the regular statutory costs as in an action or special proceeding. They base this request upon two contentions, viz.: (1) That the act above recited does not provide at all upon the subject of costs, and that therefore section 3240 of the Code of Civil Procedure, authorizing the court in its discretion to allow in a special proceeding the costs of an action, is applicable here; and (2) that section 496 of the charter of Greater New York (Laws 1901, p. 222, c. 466) is applicable and authorized the commissioners to recommend the allowance of such costs, which in these reports they failed to do, because of their belief that they did not have power to do so.

The first contention was presented to me in the Matter of the Catskill Aqueduct, Section No. 2, more than a year ago; and, after carefully examining the question in that matter, I decided adversely to that contention, and in July, 1907, filed an opinion giving at some length my views and reasons for reaching such conclusion. 116 N. Y. Supp. 640. I have now re-examined those views and reasons, and perceive no ground to change them, or the conclusion then reached as to that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

contention. No appeal was taken from the order in that matter entered upon such decision.

The second contention above outlined, viz., that section 496 of the charter of Greater New York is applicable to proceedings like this taken under chapter 724 of the Laws of 1905, was not submitted to or considered by me in the Matter of the Catskill Aqueduct, Section No. 2, above mentioned. The learned counsel for the claimants here contend that in the Matter of the City of New York (Town of Hempstead) 125 App. Div. 219, 109 N. Y. Supp. 652, decided in March last, several months after my decision above referred to, the Appellate Division in this (the Second) department recently in effect sustained their second contention, and in substance held that that section of such charter is applicable to proceedings taken, like this, under chapter 724 of the Laws of 1905, and that, therefore, the commissioners had power to recommend the allowance of statutory costs, and this court has now power to grant the same, or at least should remit the matter to the commissioners to exercise their discretion whether or not to recommend the allowance of such costs.

A careful review of the opinion of the Appellate Division in that case fails to convince me that that court should be regarded as having so held and decided. In that case the commissioners had been appointed under the provisions of the city charter, and the proceedings had been conducted thereunder. That court held that chapter 725, p. 2051, of the Laws of 1905, was to be regarded as supplemental to the provisions of the city charter and not at all as repealing by implication (there being no express repeal) the provisions of such charter as to costs; in other words, that the provisions of that act for allowance of counsel fees were not at all inconsistent with the provisions of section 496 of said city charter as to the allowance of costs, expenditures, etc., and therefore did not repeal them by implication. Beyond the very apt and forcible presentation of the constitutional need of legislative provision to adequately reimburse a landowner for his necessary expenses in the condemnation proceedings, the gist of the reasoning of the opinion of that court appears to be that chapter 725 is a merely supplemental act, and does not pretend to exclusively provide for condemnation proceedings of any class or kind to be taken by or in behalf of the city of New York, and that, therefore, its provisions upon the subject of allowances should not be regarded as intended to be exclusive. That this is a true characterization of the act is evident at once from its very title, as well as by its terms. The contrary appears to me to be the truth as to the act under which this proceeding is taken, viz., chapter 724 of the Laws of 1905. Such act provides in detail for the various steps culminating in the adoption of the plan or system in furtherance of which the condemnation is required, and also in detail for the various steps in making the condemnation, viz., the appointment of the commissioners and each proceeding by them or in connection with their action. No doubt said chapter 725 is to be regarded as supplemental to said chapter 724, just the same as it is to be regarded as supplemental to the provisions of the city charter, and that, therefore, there can

be no question as to the power of the court to make allowances for counsel fees, not exceeding the limits prescribed.

It would seem that the provisions of said chapter 724, as supplemented by those of said chapter 725, for the allowance of expenses and disbursements, including reasonable compensation for witnesses and also counsel fees, the latter not exceeding 5 per cent. of the amount of the award, are sufficient to satisfy the constitutional requirement of "just compensation," so far as the landowner's necessary expenses are concerned. The term "expenses" is of broad meaning, and may doubtless cover any necessary expense except those items (e. g., counsel fees) specifically mentioned and otherwise provided for in the statute.

My conclusion, therefore, is that section 496 of the charter of Greater New York is no more applicable in this proceeding than is section 3240 of the Code of Civil Procedure, and that, therefore, the motions or applications for an allowance of statutory costs must be denied, but that counsel fees should be allowed to the extent of 5 per cent. upon the various awards.