---

(62 Misc. Rep. 330.)

STUDWELL et al., Park Com'rs, v. HALSTED et al.

(Supreme Court, Special Term, Westchester County. February, 1909.)

EMINENT DOMAIN (§ 265*) — ALLOWANCE FOR COUNSEL AND EXPERTS — "JUST COMPENSATION."

While, doubtless, the constitutional "just compensation" requires a fair indemnity to the landowner in condemnation proceedings for his necessary expenses in proving the value of the land, he is not to be fully indemnified for any unusual compensation which he may choose to pay his counsel and expert witnesses; but the allowance will be according to the standards and customs of the locality.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 692; Dec. Dig. § 265.*

For other definitions, see Words and Phrases, vol. 4, pp. 3897–3902.]

Condemnation proceedings by Edwin F. Studwell and others against August M. Halsted and others. Halsted moves for rehearing of his motion for allowance of costs and expenses. Motion denied.

Truman H. & George E. Baldwin, for the motion.

Frederick W. Sherman, opposed.

MILLS, J. This is a condemnation proceeding taken by the commissioners of parks of the town of Rye, in Westchester county, to acquire for a public park certain land commonly known as "Oakland Beach," on the shore of Long Island Sound. Commissioners of appraisal were duly appointed by the court and have made their report, in which they awarded the owner, for the property thus taken, the sum of $295,000. Upon the application made to this court at Special Term to confirm the report of the commissioners, and the award thereby made, a motion was made by the counsel for the owner for an allowance to the owner of 5 per cent. upon the amount of the award, in addition to taxable costs; the latter to include $3,000 as compensation paid by the owner to expert witnesses. Application was also made, in behalf of the commissioners of parks, to fix the compensation to be paid by them or the town to their counsel in the proceeding and to their expert witnesses. It appeared that two expert witnesses had been called upon each side, and that the town, or the commissioners of parks representing the town, had agreed to pay $400 to the two witnesses upon their side of the matter, viz., $250 to one and $150 to the other. It was claimed by the owner that, while one of his expert witnesses had served without pay, owing to his friendly relations with the owner, he (the owner) had been compelled to agree to pay to the other one the sum of $3,000 for his services.

After carefully considering the matter I allowed to the counsel for the plaintiffs—that is, the commissioners of parks—for his services the sum of $2,950, and fixed the compensation of the expert witnesses employed in behalf of the plaintiffs at the sum of $400, and made the same allowances to the owner, in addition to taxable costs, and filed a memorandum of my decision as to the owner's motion in the following words:

"I consider that the award made by the commissioners to the owner, Augustus M. Halsted, is ample, and, indeed, liberal; and I think that an extra allowance of 1 per cent. upon the amount of the award will, under all the circumstances, be sufficient. Accordingly I allow the defendant owner, Augustus M. Halsted, an extra allowance of $2,950, and also taxable costs, which may include an allowance of $400 for expenses in procuring the expert witness whom he paid. A compensation of $3,000 to such witness, which it is claimed such owner paid him, is far beyond any price or rate warranted by the usage of this locality, and should not be charged against the town."

The owner now moves before me, at Special Term, for a rehearing of his motion for allowances for costs and expenses, and asks that the allowance made to him, which was 1 per cent. of the amount of the award, may be increased to 5 per cent. thereof, and that the amount allowed him for disbursements for compensation to expert witnesses may be increased from the sum of $400 to $3,000.

The chief ground presented by the affidavits in behalf of the own-

er for a reconsideration of the matter appears to be that, since the hearing of the former motion herein, he has ascertained that recently, in certain condemnation proceedings in the present Second judicial district, this court at Special Term, in somewhat similar proceedings—that is, proceedings to condemn lands for a public park—has made far greater allowances both for counsel fees and for expenses of securing expert witnesses, and he places special reliance upon the orders in this regard made by the Special Term in Kings county on the 10th of July last in certain proceedings to condemn certain water front land for a park to be known as "Owl's Head Park," in that county. It appears that the proceeding for such condemnation was discontinued by the board of estimate and apportionment of New York City, as was authorized by section 1000 of the Greater New York charter (Laws 1901, p. 426, c. 466). Such section provides that:

"In the case of such discontinuance the reasonable, actual cash disbursements necessarily incurred and made in good faith by any party interested shall be paid by the city of New York after the same shall have been taxed by a justice of the Supreme Court or by a referee under his special order."

By such order it appears that the aggregate sum of $26,500 was allowed to three owners for their expenses for counsel fees in the proceeding, viz., $15,000 to one owner, $7,500 to another, and $4,000 to the third. It also appears by the moving affidavit that at another Special Term, held by another justice in the Second district on the 28th of July, 1908, in a condemnation proceeding in the matter of the acquisition by the city of New York of lands in Kings, Queens, and Nassau counties for water supply purposes, several owners, who were represented by the same firm of attorneys who represent the owner in the proceeding here at bar, were awarded an allowance of $10,000 over and above taxable costs and actual disbursements for witness' fees—that is, to compensate them for the expenses of counsel.

The failure to submit any allowances made in any of the proceedings in the Greater New York for the acquisition of lands for park purposes, where the lands were actually taken, is accounted for by the statement, which I assume to be correct, that the charter of that city does not provide for any such allowance in a case where the lands are actually taken and acquired by the city.

Whatever may be the custom in the counties composing the present Second judicial district, or in any of them, it has been the practice in this county to make to the parties in condemnation proceedings only quite moderate allowances for their expenses incurred for counsel fees and expert witnesses; and I still think that the allowances here made are quite in harmony with such practice, which has been of frequent application, as within the last 25 years there have been many condemnation proceedings in this county. While, doubtless, the constitutional "just compensation" requires a fair indemnity to the owner for his necessary expenses incurred in proving the value of his land taken, as was substantially held by our Appellate Division in the recent case of Matter of Board of Rapid Transit R. R. Commissioners, 128 App. Div. 103, 126, 112 N. Y. Supp. 619, 636, I do not think that such "just compensation" should be held to require indemnity for any unusual

compensation which the owner may have chosen to pay to his counsel or expert witnesses. If, in the hope of securing an unusual award, he has deemed it best to incur such an excess beyond ordinary expenditure, I think he should be left himself to defray it. The court here has made the same allowance for expenses of counsel and expert witnesses upon each side. It would seem invidious to largely increase the allowance on the side of the owner, when it is apparent that the labor performed upon the other side was at least as great. It was obviously as important to the town to decrease the award or to hold it within moderate bounds as it was to the owner to increase it.

There were but 11 meetings of the commissioners of appraisal which were attended by counsel, and at 2 of such meetings no testimony was taken. Only two witnesses on each side were examined as to the value of the land, and the whole record of the testimony occupies but 167 pages.

Upon the whole, according to the standards and customs prevailing in this locality, I think the allowances already made upon each side are sufficient, and therefore deny the motion.