In re SIMMONS et al., Board of Water Supply (Hill View Reservoir).

Appeal of WARE et al.

(Supreme Court, Appellate Division, Second Department. June 7, 1912.)

1. EMINENT DOMAIN (§ 265*)—NEW YORK CITY WATER SUPPLY—COUNSEL FEES—RIGHT TO ALLOWANCE.

　　Under New York City Water Supply Act (Laws 1905, c. 724) § 32, providing for allowance of counsel fees in proceedings to condemn lands, an owner who appears in such a proceeding is entitled to an allowance.

　　[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 690–693; Dec. Dig. § 265.*]

2. EMINENT DOMAIN (§ 265*)—NEW YORK CITY WATER SUPPLY—COUNSEL FEES—ALLOWANCE—STATUTES.

　　So far as concerns allowance of counsel fees to a landowner, New York City Water Supply Act (Laws 1905, c. 724) § 32, providing for allowance of counsel fees in proceedings to condemn lands, is not affected by chap-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ter 725, which took effect simultaneously with it, and which relates to such proceedings; it not in express terms being either amendatory or supplementary of chapter 724.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 690–693; Dec. Dig. § 265.*]

3. EMINENT DOMAIN (§ 265*)—NEW YORK CITY WATER SUPPLY—COUNSEL FEES—ALLOWANCE—STATUTES.

New York City Water Supply Act (Laws 1905, c. 724) § 32, prohibits allowance of counsel fees to an owner of land condemned in excess of the limit prescribed by Code Civ. Proc. § 3253, which limits allowances to five per centum on the value of the subject-matter involved. Code Civ. Proc. § 3254, limits certain allowances under sections 3251–3253 to $2,000. *Held*, that the $2,000 limit does not apply to allowances under the water supply act; neither the parties nor the proceedings falling under the classes mentioned in sections 3251–3253.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 690–693; Dec. Dig. § 265.*]

Hirschberg, J., dissenting.

Appeal from Special Term, Westchester County.

In the matter of the application of J. Edward Simmons and others, as the Board of Water Supply of the City of New York, to acquire lands, etc., for the Hill View Reservoir. From an order limiting an allowance of counsel fees, William R. Ware and another, as trustees of Enoch R. Ware, deceased, appeal. Reversed and remanded.

See, also, 147 App. Div. 905, 131 N. Y. Supp. 1144.

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and WOODWARD, JJ.

J. Hampden Dougherty, Benjamin Trapnell, and Joseph A. Flannery, all of New York City, for appellants.

Walter C. Sheppard, of New York City (Wm. McM. Speer and Louis C. White, both of New York City, on the brief), for respondent City of New York.

BURR, J. In 1905 an act was passed designed, among other things, to enable the city of New York to provide for an additional supply of pure and wholesome water, and to acquire the lands necessary for that purpose (Laws of 1905, c. 724). For convenience of designation, we shall refer to it as the "Water Supply Act." Pursuant to its provisions proceedings were taken to condemn lands belonging to appellants, known as parcel No. 5. Commissioners of appraisal reported that the owners thereof were entitled to an award of $76,200, with interest from May 20, 1907, amounting on January 12, 1912, to $97,537. A motion was thereupon made by them for an allowance for counsel fees and disbursements. The learned court at Special Term granted the motion to the extent of making an allowance in the sum of $2,000, but denied so much of said motion as asked for an allowance for counsel fees in excess of that sum "for want of power in the court to grant the same." From this portion of the order the landowners appeal.

[1] The respondent contends, in the first place, that the Water Supply Act confers no authority upon the court to make allowances for any amount to those persons whose lands are condemned in accordance

*For other cases see same topic & §-NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

with the provisions thereof, and cites in support of such contention Matter of Low, 103 App. Div. 530, 93 N. Y. Supp. 262; Matter of Rapid Transit R. R. Commissioners, 197 N. Y. 81, on page 110, 90 N. E. 456, 18 Ann. Cas. 366. The point seems not to have been raised in the court below, and the city does not appeal from so much of the order as granted allowances to the extent of $2,000. But we deem this contention without merit. Both of the cases relied upon arose under the Rapid Transit Act (Laws of 1891, c. 4, and the acts amendatory thereof). The language of the Water Supply Act differs materially from that contained therein. By section 62, the Rapid Transit Act (Laws of 1891, c. 4, as amended Laws of 1894, c. 752, and Laws of 1909, c. 498):

"The corporation counsel or other principal legal adviser of said city shall, either in person or by such counsel as he shall designate for the purpose, appear for and protect the interests of the city in all such proceedings in court and before the commissioners. * * * The fees of the commissioners and all other necessary expenses in and about the said proceedings provided for by this act and such allowance for counsel fees as may be made by order of the court, and all reasonable expenses incurred by said corporation counsel, or other principal legal adviser of said counsel designated by him for the proper presentation and defense of the interests of said city before said commissioners and in court, shall be paid by the comptroller or other chief financial officer of said city out of the funds referred to in the last preceding section."

Construing this language, the court, in Matter of Rapid Transit R. R. Commissioners, supra, said:

"While it is true that the section authorizes the payment 'of such allowances for counsel as may be made by order of the court,' those words are immediately followed by these, 'and all reasonable expenses incurred by said corporation counsel.' The latter words, as well as the entire context, indicate that the Legislature had in mind only the outside counsel acting or employed in behalf of the city. The counsel for the property owners are not mentioned."

As the Rapid Transit Act contained no other provision for costs and allowances, it was held that in the absence of a statute providing therefor none could be allowed. Matter of City of Brooklyn, 148 N. Y. 107, 42 N. E. 413. The Water Supply Act contains two provisions relating to counsel fees, both contained in the section numbered 32. By the first it is provided that:

"The fees of the commissioners and the salaries and compensation of their employés, and their necessary traveling expenses, and all other necessary expenses, in and about the special proceedings provided by this act to be had for acquiring title or extinguishing claims for damages to real estate, and such allowances for counsel fees as may be made by order of the court shall be paid by the comptroller of the city of New York out of the funds hereinafter provided."

Here the provision for allowances for counsel fees is not coupled with the words "and all reasonable expenses incurred by said corporation counsel." Although the act does authorize the corporation counsel to employ such other counsel as he shall designate for the purpose, to appear for and protect the interests of the city in all proceedings under the act, a later provision of the same section expressly provides for the payment of such additional counsel in these words:

"The compensation and expenses of such of his assistants or other counsel as the corporation counsel may designate to represent and aid him in the performance of his duties under this act, shall also be paid out of the funds hereinafter provided, and upon the certificate of the corporation counsel who shall have power to appoint such assistants or other counsel *and to fix their compensation.*"

If the earlier clause were intended to cover the matter of compensation of additional counsel employed in behalf of the city, it was unnecessary to specifically provide therefor by the later clause. In addition, the amount of compensation of such additional counsel is to be fixed by the corporation counsel, and not by an order of the court. Necessarily these two clauses cannot relate to the same thing.

The respondent further contends that, if the earlier clause of the section can relate to allowances for counsel fees incurred by landowners whose property is sought to be acquired, such allowances must be limited to those cases referred to in section 13 of the same act. That section provided that the commissioners might "determine and recommend what sums if any ought to be paid to the general or special guardian of an infant, idiot, or person of unsound mind, or to an attorney appointed by the court to attend to the interests of any known owner or party in interest who has not appeared in the proceeding, for expenses or counsel fees." The language of section 62 is not limited in express terms to the cases referred to in section 13. It would seem unreasonable that an allowance should be made out of the funds in the comptroller's hands to counsel for a property owner who did not appear in the proceeding, while one who did appear in order to protect and maintain his rights must do so at his own expense. No provision is made for any recommendation by the commissioners as to counsel fees for property owners of the latter class. A reason may be found for the distinction. The property owner who appears and protects his rights can himself make application to the court for his allowances for counsel fees. In the case of the property owner who does not appear, the court might well have the assistance of a recommendation from the commissioners with respect to the expenses of an attorney appointed by the court to appear for them. Thus construed, the provisions of the act may be made harmonious, and in the absence of any controlling reason, if allowances for counsel fees are to be made to any of the persons whose property is acquired, at least as favorable consideration should be shown to those who have appeared and assisted the court in determining their rights as to those who have failed to appear and render such assistance.

[2, 3] The provisions of the Water Supply Act now under consideration are not affected by an act which became a law simultaneously with it (Laws of 1905, c. 725). This is not in express terms either amendatory or supplementary of the Water Supply Act. While some of its provisions may relate to proceedings taken thereunder, the act generally may also apply to proceedings taken under other acts and prior to the passage thereof. It contains no express words of repeal, and if it were a later act, which it is not, so far as the question here under consideration is concerned, there is no such necessary inconsistency between this and the other act that we are required to

hold that there was a repeal by implication.  Matter of City of New York (Long Island Realty Co.) 125 App. Div. 219, 109 N. Y. Supp. 652.  The language of section 32 of the Water Supply Act, so far as it relates to allowances to counsel for the property owners, is as follows:

"Such allowances shall in no case exceed the limits prescribed by section three thousand two hundred and fifty-three of the Code of Civil Procedure."

The limit for an allowance prescribed in that section is "a sum not exceeding five per centum upon the sum recovered or claimed, or the value of the subject-matter involved."  The learned court at Special Term held that this section must be read in connection with the succeeding section (section 3254), as if both had been referred to. The language of section 3254 is as follows:

"But all the sums awarded to the plaintiff, as prescribed in section 3252 of this act, or to a party or two or more parties on the same side, as prescribed in the last sentence of section 3251 of this act, and in subdivision second of the last section, cannot exceed, in the aggregate, two thousand dollars."

In this we think that the court erred:  First, this is not the language of the Water Supply Act.  When the language of a statute is plain and specific, its meaning may not be changed by any general principles of interpretation or construction.  People v. Long Island R. R. Co., 194 N. Y. 130, 87 N. E. 79.  Second, the language of section 3254 is not applicable to this proceeding.  That section relates: (a) To a person who is plaintiff in one of the actions referred to in section 3252 of the act;  (b) to a party or to two or more parties on the same side, as prescribed in the last sentence of section 3251;  (c) to parties in the actions or special proceedings referred to in the last subdivision of section 3253.  The appellants are not included in either class.  Not only are they not plaintiffs in one of the classes of actions described in section 3252, but this is not an action of any kind.  The last sentence of section 3251 relates only to parties to actions which have been heard in the Court of Appeals, and in which damages have been awarded by way of costs for delay.  Finally, although this is a special proceeding, it is not one of those referred to in the last subdivision of section 3253.  Its provisions are limited to certain special proceedings by certiorari to review assessments under the Tax Law.

Neither is there any general policy of the law which would require the limitation of allowances to the sum of $2,000.  The general Condemnation Law (Code Civil Procedure, §§ 3357 to 3384), in that portion thereof relating to allowances in addition to costs, specifies the amount thereof as a sum "not exceeding five per cent. upon the amount awarded."  No other limitation appears therein.  The analogy between proceedings taken under the Water Supply Act and the General Condemnation Law is closer than between such proceedings and the actions or special proceedings referred to in either section 3253 or 3254 of the Code of Civil Procedure.

So much of the order as is appealed from should be reversed, with $10 costs and disbursements, and the proceeding remitted to the Spe-

cial Term to consider the application for allowance by way of counsel fees upon the merits. All concur, except HIRSCHBERG, J., dissenting.