In re LOW et al.

In re JORALEMON ST. (Mynderse, Notman, and Abbott Parcels).

(Supreme Court, Appellate Division, Second Department. June 21, 1912.)

APPEAL AND ERROR (§ 1097*)—SUBSEQUENT APPEALS—FORMER DECISIONS AS LAW OF THE CASE.

A determination of the Appellate Division, in a matter not passed upon by the Court of Appeals on appeal thereto is, so far as the Special Term and the Appellate Division is concerned, the law of the case on a subsequent appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4358–4368, 4427; Dec. Dig. § 1097.*]

Burr, J., dissenting.

Appeal from Special Term, Kings County.

In the matter of the application and petition of Seth Low and others, etc., in the matter of Joralemon Street, Mynderse, Notman and Abbott Parcels. From certain parts of the order of the Special Term entered in the office of the clerk of the county of Kings, William R. Willcox and others, constituting the Public Service Commission, etc., appeal. Order, in so far as appealed from, affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Clarence L. Barber, of New York City. (Terence Farley, of New York City, on the brief), for appellants.

George W. Hinckley, Charles W. West, and Frederick B. Campbell, all of New York City, for respondents.

RICH, J. The Public Service Commission, successors of the Rapid Transit Railroad Commissioners, appeal from an order of the Special Term granting costs and allowances to the respondents, to whom damages have been awarded for property rights taken for the construction and operation of a subway under Joralemon street, in the city of New York.

There are no disputed facts presented by the record, and the only question to be considered is whether or not the court possessed authority and power to make the order appealed from. This question came before this court in this same proceeding in 1908, on an appeal from an order of the Special Term denying costs and allowances on the ground of lack of power in the court. It was contended by the appellants that such power was given both by the provisions of the charter of the city and by the Rapid Transit Act. This court sustained this contention, holding that the case now presented was within the provisions of the charter (Laws of 1901, c. 466, § 998, as amended by chapter 736, Laws of 1904), authorizing the payment of allowances, counsel fees, etc., in proceedings for "the acquisition of property for any public purpose in the city of New York," and that costs and allowances were also authorized by the provisions of the Rapid Transit Act (Laws 1891, c. 4, and acts amendatory thereof;

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Matter of Board of Rapid Transit Commissioners, 128 App. Div. 103, 112 N. Y. Supp. 619). This case was taken to the Court of Appeals, but the question of whether such costs, disbursements, and allowances were not authorized by the provisions of the charter was not passed upon by that court. Matter of Rapid Transit R. R. Com'rs, 197 N. Y. 81, 110, 111, 90 N. E. 456, 36 L. R. A. (N. S.) 647, 18 Ann. Cas. 366. Our determination that, under the provisions of the charter, authority exists for the granting of costs and allowances, standing unreversed, is, so far as the Special Term and this court is concerned, the law of the case, and controls the disposition of this appeal in favor of the respondents.

The order appealed from is affirmed, with $10 costs and disbursements.

JENKS, P. J., and HIRSCHBERG and WOODWARD, JJ., concur.

BURR, J. I dissent. In the absence of a statute providing for costs or allowances for expenses in condemnation proceedings to those persons whose property is taken, none can be allowed. In the Matter of Rapid Transit Commissioners, 197 N. Y. 81, 110, 90 N. E. 456, 36 L. R. A. (N. S.) 647, 18 Ann. Cas. 366; In the Matter of City of Brooklyn, 148 N. Y. 107, 42 N. E. 413. It has been urged that an act authorizing the exercise of the right of eminent domain, which contains no provision for such costs or allowances, would violate the constitutional requirement for "just compensation" to be made in connection therewith. Constitution, art. 1, § 6; In re Town of Hempstead, 125 App. Div. 219, 109 N. Y. Supp. 652; In re Board of Rapid Transit Commissioners, 128 App. Div. 103, 126, 112 N. Y. Supp. 619. If that were so (which I do not admit), we would not be justified in writing into a statute words which the Legislature had not included therein, in order to give it validity. That the Rapid Transit Act (Laws of 1891, c. 4) and the acts amendatory thereof (Laws of 1892, cc. 102, 556; Laws of 1894, cc. 528, 752; Laws of 1895, c. 519; Laws of 1896, c. 729; Laws of 1900, c. 616; Laws of 1901, c. 587; Laws of 1902, cc. 533, 542, 544, 584; Laws of 1909, c. 498) contain no provision for costs or allowances to defendants, is no longer open to question. In the Matter of Rapid Transit Commissioners, supra. Defendants now turn to the city charter, and seek to find therein such necessary authority. When the question of the power to grant costs or allowances in this proceeding was previously considered by the court, although reference was made to the charter provisions in the opinion then delivered, as I read such opinion, the decision did not rest upon any language therein contained referring thereto, but solely upon the provisions of the Rapid Transit Act. The form of the question thereafter certified to the Court of Appeals confirms this impression. If it were otherwise, proper judicial subordination would compel me to follow that decision, whatever my individual views upon the subject might be. Under the circumstances I feel free to consider the question an open one.

Chapter 21 of the Greater New York Charter (Laws of 1901, c. 466, §§ 1435–1448) is entitled "The Acquisition of Lands and Interests therein for Public Purposes." It provides that:

"Whenever the city of New York, or any of the departments, including the department of education, boards or officers of the said city government, shall be authorized by law to acquire title to real estate or any tenements, hereditaments, corporeal or incorporeal rights in the same, for any public use or purpose by condemnation, the proceeding for that purpose shall be taken and conducted in the manner prescribed in this title, except as provided in section fourteen hundred and forty-eight of this act."

Section 1448 is to the effect that:

"The provisions of this chapter shall not apply to any proceedings for the purpose of opening any streets, avenues or public places, parks or parkways, or to any proceedings for the improvement of or in connection with the water supply of the city of New York, or for the acquisition of lands for sewers or drains as provided in section three hundred and ninety-six of this act, or for the acquisition of wharf property or the improvement of the water front of said city, or to any proceedings, of any nature, instituted prior to the time of the taking effect of this act, and such proceeding shall be conducted in all respects as if this act had not been passed."

Inasmuch as these proceedings were not commenced until January 22, 1903, I conclude that this proceeding is not among those excepted by the section last quoted. It may be noted that chapter 21 requires that proceedings shall be "taken and conducted in the manner prescribed in this *title*." Section 1435. Chapter 21 seems to be neither subdivided into "titles," nor a subdivision of a "title"; but, construing the word "title" as if it were "chapter," it seems to me clear that this portion of the charter has no application to these proceedings. The Rapid Transit Act itself prescribes the course of procedure for the acquisition of lands. Laws of 1891, c. 4, as amended supra. If it should be claimed that, notwithstanding this, the proceedings here taken were for the acquisition of land by the city of New York, within the meaning of section 1435 of the charter, and that two courses of procedure were open to the city, the one provided in the Rapid Transit Act and the other provided by the charter, it is sufficient to defeat defendants' contention to say: First, that the proceedings here taken were conceded to be under the Rapid Transit Act; and, second, that nowhere in chapter 21 of the charter is there to be found any statutory authority for the granting of costs or allowances to defendant.

The only other portion of that somewhat unscientific piece of legislation, known as the "Greater New York Charter," which seems to bear upon the question of costs or allowances of this character, is found in chapter 17, title 4, sections 970 to 1011. The only section therein contained relating to costs or allowances is section 998. The provisions of that section are limited, first, to proceedings taken under said title, and, second, to costs and allowances to "commissioners *or others*." This proceeding was not taken under that title. An examination of the remaining sections thereof clearly shows that the words "or others" have relation to clerks or other persons employed by the corporation counsel to assist the commissioners of estimate

and assessment in the performance of their duties, and not to counsel for the land owners. This section· was amended, in 1904 (Laws of 1904, c. 736), by adding a provision that:

. "In any proceedings instituted pursuant to the provisions of this title or pursuant to the provisions of any other act or law providing for the acquisition of property for any public purpose, in the city of New York," certain additional allowances might be made.

Defendants contend that a proceeding under the Rapid Transit Act is a proceeding under "any other act or law providing for the acquisition of property for any public purpose in the city of New York," and that notwithstanding the additional allowances referred to are expressly stated to be to the commissioners, and are to be made in connection with proceedings to tax the costs and expenses of the commissioners, because in a preceding clause of the same section there is a provision that, "except as hereinbefore otherwise provided, no costs or charges of the said commissioners *or others,* shall be paid," etc., the latter clause must be extended in its meaning so as to include extra allowances to others than commissioners. It may be that in the opinion of this court, when this case was here for the first time (Matter of Board of Rapid Transit Commissioners, 128 App. Div. 103, 125, 112 N. Y. Supp. 619), there is a dictum which would sustain the contention that the Rapid Transit Act is an act providing for the acquisition of property for any public purpose in the city of New York. But, if that were so, the amendment of 1904 could not be extended so as to authorize allowances to persons whose land was taken for a public use. The act is entitled "An act to amend section nine hundred and ninety-eight of the Greater New York Charter, relative to additional allowance to *commissioners* in condemnation proceedings." The authoritative portion of the section is that:

"The court may upon taxing the costs and expenses of commissioners, make such additional allowances to any or all of *said commissioners* as may to it appear just and equitable, upon such proof as may be submitted concerning the nature and extent of the services thus rendered by the commissioners."

It would be difficult to ·employ language which more definitely limited the power to grant extra allowances to any other persons than those expressly designated.

Finally; in 1906, by a law passed in that year (Laws of 1906, c. 658, § 22), section 998 of the charter was again amended by striking out all provisions for .additional allowances, and at the time when this application was made and the order entered fixing the costs and allowances of the defendants there was no authority under section 998 to grant extra allowances to any person. While the claim of defendants to compensation for expenses incurred by them for counsel fees in this difficult and unusual proceeding may be meritorious in character, I·see no possible way of affording them relief. My attention has not been called to any other ·provision of the charter, nor have I been able to find any other, than those above referred to, which related to the subject.