In the Matter of the Application of J. EDWARD SIMMONS et al., Constituting the Board of Water Supply of the City of New York, Appellants, to Acquire Land Required for Hill View Reservoir.

WILLIAM R. WARE et al., as Trustees under the Will of ENOCH R. WARE, Deceased, Respondents.

**New York (city of) — costs — condemnation proceedings for acquisition of land for additional water supply — counsel fee allowed to any property owner cannot exceed $2,000.**

1. The statute (L. 1905, ch. 724) which provides for an additional water supply for the city of New York, and for the acquisition of lands and property therefor, authorizes allowances for counsel fees to property owners who have not appeared in the proceedings for the condemnation of their property and also to the attorneys for owners who have appeared in the proceedings; but the amount of the counsel fee which may be allowed to any individual owner to whom an award is made is limited to $2,000. (Code Civ. Pro. §§ 3253, 3254.)

*Matter of Simmons,* 151 App. Div. 444, reversed.

(Argued February 27, 1913; decided April 1, 1913.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 7, 1912, reversing so much of

an order of Special Term as denied a motion for an allowance for counsel fees in excess of the sum of $2,000, for want of power in the court to grant the same, under chapter 724 of the Laws of 1905.

This proceeding was instituted under the provisions of chapter 724 of the Laws of 1905, to acquire lands for an additional water supply for the city of New York. The respondents, as the owners of one of the parcels of land taken, received an award of $76,200, which, with interest, amounted to $97,537. After the making of this award the respondents applied to the Special Term for an allowance of counsel fees, claiming that under the statute referred to they were entitled to five per centum upon the amount of the original award. The Special Term computed the allowance upon the basis of five per cent, but limited it to $2,000. On appeal to the Appellate Division the court reversed that part of the order of the Special Term which limited the allowance to $2,000, and directed that the allowance be computed at the rate of five per cent upon the full amount of the original award as claimed by the respondents. The proceeding was ordered to be remitted to the Special Term, and the following questions were certified to this court for determination:

1. Does chapter 724, L. 1905, in so far as it relates to allowances for counsel fees to the property owners whose lands are condemned, limit such allowance to the sum of $2,000 ?

2. Does chapter 724, L. 1905, limit the authority of the court to grant allowances for counsel fees in those cases only referred to in section 13 of said act ?

3. Does chapter 724, L. 1905, confer authority upon the Supreme Court to make allowance for counsel fees, in any amount, to persons whose lands are condemned in accordance with the provisions thereof ?

*Archibald R. Watson,* Corporation Counsel (*Louis C. White* and *Walter C. Sheppard* of counsel), for

appellants. There is no authority in chapter 724 of the Laws of 1905 for an allowance for counsel fee to a claimant or, except one appointed by the court, to an attorney representing an owner. (*James* v. *Patten,* 6 N. Y. 9; *Chamberlain* v. *Western Trans. Co.,* 44 N. Y. 309; *Matter of City of Brooklyn,* 148 N. Y. 107; *Matter of Town of Hempstead,* 125 App. Div. 219; 192 N. Y. 569.) If there is any authority for counsel fees in the new Water Supply Act it is limited by section 32 of the act, section 3253 and section 3254 of the Code of Civil Procedure. (L. 1905, ch. 724, § 32; 2 Lewis Suth. on Stat. Const. 787, § 405; *Matter of Town of Hempstead,* 125 App. Div. 219.)

*J. Hampden Dougherty* for respondents. Chapter 724, Laws of 1905, confers authority upon the Supreme Court to make allowances for counsel fees to property holders whose lands are taken in condemnation proceedings under the Water Supply Act. Question No. 3 should be answered in the affirmative. (L. 1905, ch. 724, §§ 13, 32.) The intent of the legislature was to permit allowances under the Water Supply Act within the maximum limit prescribed by section 3253 of the Code of Civil Procedure. The limitation in section 3254 is inapplicable. (L. 1896, ch. 571.) The language of section 32 of chapter 724 of the Laws of 1905 is plain and unambiguous and, therefore, not amenable to construction. It refers only to section 3253. (*Hyatt* v. *Taylor,* 42 N. Y. 258; *Coxson* v. *Doland,* 2 Daly, 66; *Johnson* v. *H. R. R. Co.,* 49 N. Y. 455; *U. S.* v. *Goldenberg,* 168 U. S. 95; *People ex rel. Hall* v. *Supervisors,* 13 Abb. [N. C.] 421.)

*Benjamin Trapnell* for David H. King, Jr., et al., intervenors. Chapter 724, Laws of 1905, authorizes an allowance for counsel fees to the respondents; and the third question certified should thereupon be answered in the affirmative. (*People ex rel. Janes* v. *Stillings,* 197

N. Y. 550.) Section 32 of chapter 724, Laws of 1905, does not limit the power of the court to an allowance of $2,000. (*Warren* v. *Warren*, 203 N. Y. 250; *Matter of City of New York*, 125 App. Div. 219; 192 N. Y. 569; *People ex rel. Eckerson* v. *Trustees*, 151 N. Y. 75; *Matter of N. Y., W. S. & B. R. Co.*, 94 N. Y. 287.) Section 3254 of the Code of Civil Procedure has no application to the case at bar. (*Matter of Simmons*, 130 App. Div. 350; 195 N. Y. 573; *Dexter & Northern R. R. Co.* v. *Foster*, 142 App. Div. 240; 203 N. Y. 637; *Co. of Westchester* v. *W. P. Realty Co.*, 147 App. Div. 655; *Garfield* v. *Fink*, 65 Barb. 464; *Randall* v. *Packard*, 142 N. Y. 47.) The purpose of section 32 of the act of 1905 was to compensate the owner for "legitimate outlays" on the part of the owner "forced into court for the protection of his rights." This purpose would be defeated by applying the limitation embraced in section 3254 of the Code of Civil Procedure. (*L. S. & M. S. Ry. Co. Case*, 65 Hun, 538; *Matter of N. Y. C. R. R. Co.* v. *Sayles*, 52 Misc. Rep. 601; Lewis on Em. Domain [3d ed.], § 812; *Matter of City of Brooklyn*, 148 N. Y. 107.)

WERNER, J. We agree with the learned Appellate Division in the conclusion that chapter 724 of the Laws of 1905 authorizes allowances for counsel fees to attorneys for property owners who have not appeared, as provided by section 13 of the act, and also to the attorneys for owners who have appeared in the proceedings. We can see no reason for the distinction between the two classes sought to be made by the appellants. The opinion of the court below quite satisfactorily disposes of this branch of the appeal, and renders further discussion in this court unnecessary.

We differ with the learned Appellate Division, however, in its construction of that part of the statute which relates to the amount of the allowances authorized. We think it limits to $2,000 the amount of the counsel fee

which may be allowed to any individual owner to whom an award is made, and that the Special Term correctly so decided.

In enacting chapter 724 of the Laws of 1905 it was the evident purpose of the legislature to provide an apparently complete system under which the city of New York could secure a much needed additional water supply from the various sources which were thought to be available, and it was doubtless contemplated that large areas of real estate would have to be acquired. The act contains many comprehensive provisions for the protection of the city and the property owners. Among those which are germane to this discussion is section 32. So far as material it provides: " The fees of the commissioners and the salaries and compensation of their employees, and their necessary traveling expenses, and all other necessary expenses, in and about the special proceedings provided by this act to be had for acquiring title or extinguishing claims for damages to real estate, and such allowances for counsel fees as may be made by order of the court shall be paid by the comptroller of the city of New York out of the funds hereinafter provided. * * * Such allowances shall in no case exceed the limits prescribed by section three thousand two hundred and fifty-three of the code of civil procedure."

Section 3253 of the Code of Civil Procedure is as follows: " In an action brought to foreclose a mortgage upon real property or for the partition of real property, or in a difficult and extraordinary case, (where a defense has been interposed in an action), or, except in the first and second judicial districts, in a special proceeding by certiorari to review an assessment under article thirteen of the Tax Law, and the acts amending the same, the court may also, in its discretion, award to any party a further sum as follows:

" 1. In an action to foreclose a mortgage, a sum not exceeding two and one-half per centum upon the sum

due, or claimed to be due upon the mortgage, nor the aggregate sum of two hundred dollars.

" 2. In any action, or special proceeding, specified in this section, where a defense has been interposed, or in an action for the partition of real property, a sum not exceeding five per centum upon the sum recovered or claimed, or the value of the subject matter involved."

And section 3254 of the Code further provides: "But all the sums awarded to the plaintiff, as prescribed in section thirty-two hundred and fifty-two of this act, or to a party or two or more parties on the same side, as prescribed in the last sentence of section thirty-two hundred and fifty-one of this act, and in *subdivision second of the last section, cannot exceed, in the aggregate, two thousand dollars.*"

Why does section 32 of the Water Supply Act refer to section 3253 of the Code of Civil Procedure? Obviously for the purpose of fixing the amount which shall be allowed as counsel fees. When we scan the language of section 3253 we see that in certain specified cases the courts may grant additional allowances subject to the limitation that they must not exceed five per cent upon the sum recovered. That provision is found in the second subdivision. A step further on, however, brings us to another limitation in section 3254, which is that the allowances permissible under subdivision 2 of section 3253 shall not exceed $2,000. Since this last restriction is contained in another section of the Code, not in terms referred to in section 32 of the Water Supply Act, the question to be determined is whether the allowances to be made under the latter act are to be limited by the provisions of section 3253 alone, or by the terms of that section as modified by section 3254.

The language of section 32 of the Water Supply Act is that "Such allowances shall in no case exceed the limits prescribed by section three thousand two hundred and fifty-three of the code of civil procedure." When we

turn to the provisions of this Code section to ascertain what is meant by the "limits" prescribed therein, we see that extra allowances are confined to certain specified cases. Mortgage foreclosures, partition suits, difficult and extraordinary cases in which defenses are interposed, and tax certiorari proceedings complete the list. The first subdivision of the section provides only for mortgage foreclosure cases. The second subdivision limits the allowances to five per cent upon the sum recovered, or claimed or the value of the subject-matter. This is doubtless the subdivision of Code section 3253 to which the language of section 32 of the Water Supply Act refers. That is the contention of counsel for the respondents, and upon it they predicate their claim to allowances of five per cent upon the full awards made to their clients. In the Water Supply Act there is no reference to section 3254 of the Code, and there is some force in the argument that if the legislature had intended to apply to the Water Supply Act the limitations of both sections 3253 and 3254 of the Code there would have been a mention of both. But that is only one side of the argument. It is equally pertinent to observe that if the legislature had intended that the allowances should be governed solely by the second subdivision of section 3253, unaffected by the further limitation of section 3254, there was no reason at all for any reference to the Code. In that event a mere statement that the allowances "shall not exceed five per cent upon the sums awarded" would have been the simple and natural way of expressing the legislative intent. Then again the use of the plural of "limits" seems to indicate that the framers of the act had in mind something more than the single fixed amount of five per cent. It is not a violent assumption that they knew of the limitation of section 3254 upon subdivision 2 of section 3253 and concluded that the two sections must be read together. The obvious purpose of referring to section 3253 was to make it the standard by which to measure

allowances in such proceedings as this, and that section cannot be invoked for that purpose without reading into it the language of section 3254. The two sections relate to a common subject. One is the complement of the other. A reference to either naturally includes the other. For all purposes of practice governed by the Code these two sections have always been regarded as one, and we think the same rule should be applied to all proceedings in which the allowances under special statutes are limited by reference to section 3253. That is at least the safer one of the only two alternatives from which we have to choose. There are doubtless many cases in which an allowance of $2,000 will but poorly compensate counsel, but that is an evil much less to be feared than the possible abuses of a system under which an allowance need have no relation to the value of services. The subject is one which the legislature, in a few simple words, can place beyond the necessity for judicial construction, and so long as the statute remains in its present form we shall feel constrained to hold that no allowance under section 3253 can exceed $2,000.

The order of the Appellate Division should be reversed in so far as it reversed the order of the Special Term, and the order of the Special Term should be affirmed, without costs in this court to either party as against the others; the first and third questions certified are answered in the affirmative and the second in the negative.

CULLEN, Ch. J., WILLARD BARTLETT, HISCOCK, CHASE, COLLIN and HOGAN, JJ., concur.

Ordered accordingly.