(83 Misc. Rep. 186.)

### In re COMMISSIONERS OF PALISADES INTERSTATE PARK.

(Supreme Court, Special Term, Westchester County. November, 1913.)

1. EMINENT DOMAIN (§ 265*)—COSTS AND ALLOWANCES.

·In a proceeding to condemn land under a special statute, and not under the General Condemnation Law (Code Civ. Proc. §§ 3357–3384), unless the special statute confers on the courts authority to do so, the courts cannot grant any costs or allowances other than the ordinary bill of costs. in a special proceeding, under Code Civ. Proc. § 3240, providing that costs in a special proceeding in a court of record, where they are not otherwise specially regulated, may be awarded to any party in the discretion of the· court at the rates allowed for similar services in an action.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 690–693; Dec. Dig. § 265.*]

2. EMINENT DOMAIN (§ 265*)—COSTS AND ALLOWANCES—"EXPENSES."

Under Laws 1900, c. 170, § 11, authorizing the condemnation·of lands for a park, which provides for the proceedings upon the application for confirmation of the report of the commissioners of appraisal, and that the· court shall tax and allow such costs, fees, and expenses, to the commissioners of appraisal and other persons performing any legal duty in the premises as it shall think equitable and right, which shall be paid by the board of park commissioners, the court can make allowances to owners·

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and lessees of land to whom awards are made, for counsel fees and fees of expert witnesses, since there is nothing in the context indicating that the provision as to such costs, fees, and expenses is limited to employés of the commissioners, and counsel and witnesses perform a legal duty, especially as to deprive owners of the right to be heard by counsel would be a denial of due process of law, and "expenses" is general and broad enough to include the reimbursement of owners and lessees for their expenses, actual and necessarily incurred for counsel and expert witnesses.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 690–693; Dec. Dig. § 265.*

For other definitions, see Words and Phrases, vol. 3, pp. 2590–2593; vol. 8, p. 7657.]

3. EMINENT DOMAIN (§ 265*)—COSTS AND ALLOWANCES.

Special statutes authorizing the condemnation of land, and containing general expressions as to allowances for costs and expenses, should be construed if reasonably possible, so as to authorize the granting of such allowances to all parties to the condemnation proceeding.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 690–693; Dec. Dig. § 265.*]

4. EMINENT DOMAIN (§ 265*)—COSTS AND ALLOWANCES—AMOUNT.

In an eminent domain proceeding under a statute authorizing allowances by the court for costs and expenses, where counsel had labored diligently and efficiently, and the trial before the commissioners of appraisal had involved many difficult and unusual questions, both of law and fact, the case was a proper one for the making of liberal allowances.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 690–693; Dec. Dig. § 265.*]

Proceeding by the Commissioners of the Palisades Interstate Park for the condemnation of certain lands situated in the county of Rockland. On motion by claimants, to whom awards were made by the commissioners of appraisal, for allowances for expenses incurred for counsel and expert witnesses. Motion granted.

Albert Francis Hagar and George W. Study, both of New York City, for the motion.

Hatch & Sheehan, of New York City (George A. Blauvelt, of New York City, of counsel), opposed.

Henry W. Hardon, of New York City (Charles F. Brown, of New York City, of counsel), for Haverstraw Crushed Stone Co.

John Quinn, of New York City, for New York Trap Rock Co. et al.

MILLS, J. This is a proceeding under chapter 170 of the Laws of 1900, as amended, to acquire for the people of the state certain lands as a part of the proposed Palisades Interstate Park, along the westerly bank of the Hudson river, in the locality of Hook Mountain. The commissioners of appraisal heretofore appointed by this court have made their report, giving awards to certain owners and lessees, and upon motion duly made, the court having orally announced its decision confirming such report, the several parties to whom awards are made therein now, upon affidavits and after due notice to the attorneys of the park commissioners, apply here for allowance of their expenses incurred for counsel and expert witnesses, including surveys and tests, in and for the presentation by them to the appraisal commissioners of

their respective cases. The learned counsel for the park commissioners opposes this application upon the ground that this court has no power to grant anything more than costs as in a special proceeding under section 3240 of the Code of Civil Procedure.

[1] It is manifest that the proceeding here is not taken under the General Condemnation Law (sections 3357–3384, Code of Civil Procedure), but is taken solely under the special statute above recited, and that such statute, as amended, prescribes a complete course of procedure. Of recent years there has been much judicial consideration of the question of costs and allowances to claimants to whom awards have been made in condemnation proceedings taken under special statutes, and the rules of law governing the same may now be regarded as well settled by resulting decisions of the courts. So far as applicable to the questions here in hand, those rules may be thus stated: In such a case no costs or allowance, other than the ordinary bill of costs in a special proceeding under section 3240 of the Code of Civil Procedure, can be made to any party, unless the special statute under which the proceeding is taken confers upon the courts authority to allow the same. Matter of Low, 208 N. Y. 25, at pages 29, 31, 32, 101 N. E. 706.

[2] Here the special statute under which the proceedings are taken does expressly provide upon the subject of costs. Thus section 11 thereof provides for the proceedings in the court upon the application for confirmation of the report of the commissioners of appraisal, and concludes with this sentence:

"The said court shall also tax and allow such costs, fees and expenses to the commissioners of appraisal and other persons performing any legal duty in the premises, as it shall think equitable and right, which shall be paid by said board of park commissioners."

With respect to this provision, two questions seem to arise, namely: (1) Does it apply only to the commissioners of appraisement and their immediate employés, or as well to the claimants and those serving them? and (2) if it applies to such claimants and their employés, does the term "expenses" include compensation of counsel and expert witnesses? The language here to be construed is unique, and an examination of the cases cited by the learned counsel in their briefs, as well as my own studies as I have had occasion before to consider the general subject, have convinced me that there is no decision which can be said to be an authority expressly deciding either question.

[3] In the first place, it seems to me to be well established that it is a just and wise public policy for the court, if reasonably possible, to construe such general statutory expressions so as to authorize the granting of such allowances to all parties. Matter of Low, 208 N. Y. 26, 31, 101 N. E. 706; Matter of City of New York (Town of Hempstead), 125 App. Div. 219, 222, 109 N. Y. Supp. 652, affirmed 192 N. Y. 569, 85 N. E. 1117; Matter of City of Brooklyn, 148 N. Y. 107, 109, 42 N. E. 413. There was, indeed, not long since, some expression by the Appellate Division in this department to the effect that the absence from such a statute of a provision for thus compensating the landowners for their necessary expenses in placing their

case before the commissioners of appraisement might make the statute unconstitutional, as taking private property without due compensation. 125 App. Div. 222, 109 N. Y. Supp. 652. But that extreme view appears not to have been adopted by the Court of Appeals. 208 N. Y. 31, 101 N. E. 706. Still I think that this much may well be said: That the court should construe such a statutory provision favorably to the landowner and lessees, where such construction is reasonably possible.

As to the first of the two questions above stated, some light is to be had from the decision in the case of Matter of Low, 151 App. Div. 572, 136 N. Y. Supp. 360, and 208 N. Y. 26, 101 N. E. 706, and Matter of Simmons, 151 App. Div. 444, 135 N. Y. Supp. 921, and 208 N. Y. 69, 101 N. E. 704. In the first of the two cases the question presented and decided was whether or not section 998 of the charter of the city of New York (Laws 1901, c. 466), as amended by chapter 736 of the Laws of 1904, authorized allowances to the claimants who had received awards, as well as to the commissioners and their employés, or those of the corporation counsel. That section used the expression "or others," viz., "except as hereinbefore otherwise provided, no costs or charges of the said commissioners *or others* shall be paid or allowed * * * unless the same shall be taxed by the said court after notice, * * *" and in the respect of the use of the words "or others" is similar to the statutory provision here being construed. The Court of Appeals, however, held that in that section the context showed that the term "or others" did not apply to the claimants to whom awards had been made (208 N. Y. 29–30, 101 N. E. 706), but apparently agreed with the dissenting opinion below (151 App. Div. 576, 136 N. Y. Supp. 360) that they applied only to people employed by the corporation counsel to assist the commissioners of appraisal.

Here, in the provision of the statute under which this proceeding is taken, I perceive nothing of the sort in the context—nothing, aside from the words in the very sentence above quoted, to indicate the legislative intent that the provision as to "costs, fees and expenses to the commissioners of appraisement and other persons performing any legal duty in the premises" should be limited to the employés of the commissioners. Indeed, I can find in the statute no express authority to such commissioners to employ any one for any purpose.

In the other case (Matter of Simmons, 151 App. Div. 444, 135 N. Y. Supp. 921, and 208 N. Y. 69, 101 N. E. 704) it was held that the terms there under consideration did apply both to the city and to the landowners. The statutory provision there construed contained the expression "such allowance for counsel fees as may be made by order of the court," and, as the same was not immediately coupled with special restricting words, e. g., "and all reasonable expenses incurred by the corporation counsel," as was the case in the Rapid Transit Act (151 App. Div. 447, 135 N. Y. Supp. 921), the court held that the expression was applicable to the landowners. This case seems to me to be more nearly in point with the case and question here at bar. It is true, however, that the section of the Water Supply Act under construction in that case had, further along, a separate provision for the

144 N.Y.S.—50

payment of the assistant counsel employed by the corporation counsel, and that there is in the act here under construction no similar provision.

The words used in the Rye Park Act, viz., chapter 711 of the Laws of 1907, appear to be more nearly like the language here, viz., "together with the costs, allowances and expenses of such proceedings, as fixed by the court." Laws of 1907, vol. 2, p. 1619, § 5. Under that act I was asked at Special Term to grant an allowance to each party for counsel fees and expert witnesses, and did so in Studwell v. Halstead, 62 Misc. Rep. 330, 116 N. Y. Supp. 68, affirmed without opinion 134 App. Div. 921, 118 N. Y. Supp. 1145.

It is true that it was not in that case contended at Special Term that the statute did not authorize the court to make such allowance, and it is to be presumed that no such contention was presented in the Appellate Division, although that learned and astute tribunal has been known to reverse upon a ground not assigned in the briefs or arguments of counsel. No doubt under that act (chapter 711, § 5, of the Laws of 1907) the fixing of the allowances was to be made by the court under the authority conferred by the act and not under the authority of the General Condemnation Law.

It is to be noted here that the expression "other persons" is very broad, viz., "other persons performing *any* legal duty in the premises as it [the court] shall think equitable and right." It is the right of the claimant to be heard by the commissioners of appraisal, a right expressly given to him by the statute; and, if the statute did not in some substantial way accord to him such right, it would, upon elementary considerations, be unconstitutional, as not affording due process of law. Hearing before such a commission necessarily involves representation by counsel and witnesses. For instance, if the record here showed that the commissioners had refused to permit one of these owners to appear before them by counsel and to be heard there by counsel, no one would doubt, I think, that their report would have to be set aside for such manifest and substantial error of procedure, although the statute does not expressly say that counsel may appear, or expressly use the word "counsel," or any express equivalent. Such counsel, when so appearing and acting, are officers of the court, although paid by their clients, and certainly it can be said that in so acting they perform a legal duty; and I think that the same thing may well be said of witnesses who testify under the responsibility of the pains and penalties of the perjury statutes. Therefore I answer in the affirmative the first of the two questions above stated.

As to the second of those questions, namely, if the statutory provision here under consideration applies to the claimants and their employés, does the term "expenses" therein include compensation of counsel and expert witnesses? I conclude that that also should be answered in the affirmative. It is true that this statute, unlike the others herein referred to, fails to use the word "allowances"; but I think that the term "expenses" is entirely general, and here should be held to be broad enough to include the reimbursement of the owners and lessees for their expenses actually and necessarily incurred for

counsel and expert witnesses. It may be of little force for me here to cite a decision of my own; but in Matter of Board of Water Supply, 62 Misc. Rep. 326, at page 329, 116 N. Y. Supp. 642, at page 645, I gave a like broad meaning to that expression, viz., "The term 'expenses' is of broad meaning and may doubtless cover any necessary expenses except those items (e. g., counsel fees) specifically mentioned and otherwise provided for in the statute," for the act there had used the expression "counsel fees," and, in addition, the general term "expenses." Especially am I led to adopt this construction in view of the settled public policy hereinbefore stated.

Therefore it is my conclusion that, under the special statute here applying, the court has power to grant to the persons to whom awards have been made allowances to reimburse them for their necessary actual expenses incurred for counsel and expert witnesss.

[4] The affidavits submitted manifest that all the counsel have labored diligently and efficiently in the case, and that its trial before the commissioners of appraisement has involved many difficult and unusual questions, both of fact and law. Indeed, for unremitting application to the work, and at the same time not overdoing it, this commission and the counsel upon both sides have made a most enviable record, one which, at least in my experience, professional and official, has never before been equaled. Upon the merits, therefore, I am sure that the case is a proper one, the power existing, for the court to make such allowances liberally; and this I do not understand the learned counsel for the park commissioners to question.

I do not here actually make the allowances, because I wish first to be advised whether or not the counsel for the park commissioners considers that, in the view of the statute here taken, the court should also fix the compensation of the attorney and counsel for those commissioners, as was done in the Rye Park matter.