In the Matter of the Application of COUNTY OF WESTCHESTER, by THE WEST-CHESTER COUNTY PARK COMMISSION, etc., Appellant, Respondent, to Acquire Title to Lands of WILLIAM BARUCH and Others. FRED H. PONTY, Respondent, Appellant.— On reargument, order, in so far as it provides for an extra allowance, modified by reducing the extra allowance to $2,000, and, as so modified, affirmed, without costs. In our opinion, the provisions of the Parkway Act (Laws of 1922, chap. 292) and of the Condemnation Law (Laws of 1920, chap. 923) as to extra allowances are limited by the provisions of sections 1513 and 1514 of the Civil Practice Act, by virtue of which the extra allowance in this case may not exceed $2,000. This makes it unnecessary to determine whether the allowance should be made upon the amount of the compensation alone or upon the compensation plus interest. Lazansky, P. J., Kapper, Hagarty and Carswell, JJ., concur; Young, J., dissents, with the following memorandum: Under subdivision 2 of section 16 of the Condemnation Law (Laws of 1920, chap. 923) there is no express limitation on the amount of the additional allowance except that it cannot exceed five per cent of the amount awarded. The mere fact that costs are measured by the same rates as though allowed in an action in the Supreme Court does not, in my opinion, incorporate in that section the provisions of sections 1513 and 1514 of the Civil Practice Act, limiting additional allowances in such actions to $2,000. The language of section 16 of the Condemnation Law, relating to additional allowances, is contained in a clause separate and apart from that relating to costs, and the clauses relate to distinct subjects, one to costs, and the other to additional allowances. The section in question seems to have been rather carefully drawn, even to the extent of providing that the costs should include allowances for proceedings before and after notice of trial, without which provision the Legislature probably thought some question might be raised as to the right of such items of costs. Had the Legislature intended to limit the amount of the additional allowance and make the provisions of sections 1513 and 1514 of the Civil Practice Act applicable, it would have, in my opinion, used appropriate language to that end. Of course it must be borne in mind that the granting or withholding of those allowances is within the discretion of the court, and also the amount to the extent of five per cent of the amount awarded. In other words, the court is not obliged, in making an additional allowance, to give five per cent, but may fix an amount within that limit which seems to it proper. *Matter of Simmons* (208 N. Y. 69) involved a special statute, containing different language from that contained in the Condemnation Law, and the Court of Appeals held that the reference to section 3253 of the Code (now Civ. Prac. Act, § 1513) must be read together with section 3254;* that the obvious purpose of referring to section 3253 was to make it the standard by which to measure allowances in these proceedings and that that section could not be invoked for that purpose without reading into it the language of section 3254; that those sections related to a common subject and that one was the complement of the other. The court further said that, had the Legislature intended the allowance to be governed only by section 3253, unaffected by the limitation contained in section 3254, there would have been no reason at all for any reference to the Code, and that, in that event, a mere statement that an allowance " shall not exceed five per cent upon the sums awarded " would have been the simple and natural way of expressing the

* Now Civ. Prac. Act, § 1514.— [REP.

legislative intent (p. 75). In my opinion, the Legislature, in subdivision 2 of section 16 of the Condemnation Law, has expressed just that intent in the " simple and natural way " indicated by the Court of Appeals.