In the matter of the application of the PRUDENTIAL INSURANCE COMPANY OF AMERICA for the acquirement of its capital stock for the benefit of its policyholders.

[Argued September 26th, 1913. Decided October 24th, 1913.]

1. Upon a motion to dismiss an appeal that brought up to this court an order made by the chancellor of this state, appointing three disinterested persons to appraise the value of the capital stock of the Prudential Insurance Company of America pursuant to the provisions of the statute for mutualizing stock life insurance corporations (*P. L. 1913 p. 151*)— *Held*, that such statutory proceeding, regardless of the agencies that take part in it, is reviewable ·by *certiorari* only and not by an appeal from the action of such legislative agent directly to this court.

2. The case of *East Orange* v. *Hussey, 70 N. J. Law (41 Vr.) 244*, followed.

On motion to dismiss appeal.

*Mr. John R. Hardin* and *Mr. Robert H. McCarter,* for the appellants.

*Mr. John W. Griggs* and *Mr. Merritt Lane,* for the policyholders.

*Mr. Richard V. Lindabury* and *Mr. Edward D. Duffield,* for the Prudential Insurance Company of America.

The opinion of the court was delivered by

GARRISON, J.

This is a motion by the Prudential Insurance Company of America to dismiss an appeal taken by certain of its stockholders from an order, appointing three disinterested persons to appraise the value of its capital stock, made by the chancellor of this state pursuant to the provisions of an act entitled "An act to permit any stock life insurance corporation of this state to acquire the capital stock thereof for the benefit of its policyholders and to convert such stock life insurance corporation into a mutual life insurance corporation." *P. L. 1913 p. 151.*

This enactment provides a special statutory proceeding designed to accomplish the object expressed in its title and to that end constitutes the chancellor of this state as the legislative agent through whose instrumentality such proceeding shall be administered.

Speaking generally the act in question provides for the condemnation of the capital stock of a stock life insurance company for the purpose of fixing the price at which such stock may be acquired by such company, and for the various other steps looking to the acquisition of such stock and the transformation of such company into a mutual life insurance company. Greater particularity is not required, it being sufficient for present purposes to say that the administration of this statutory scheme is cast by the legislature upon the chancellor of this state or its court of

chancery, a distinction which, if it exists under our constitution, is of no practical moment upon the present motion.

The constitutionality of this statutory proceeding is challenged *in limine* by the owners of stock affected thereby, the method of such challenge being the taking of an appeal from the initial order made by the chancellor in the course of such statutory proceeding directly to this court. The propriety of this appeal is now challenged by the corporation at whose instance the legislative machinery was set in motion.

Normally, statutory proceedings of this nature are reviewed by the supreme court by virtue of its prerogative writ of *certiorari,* and there is nothing in the nature or object of the present proceeding to take it out of this general rule. So that if the legislative agent designated in the present statute had been, let us say, the commissioner of banking and insurance, there would not be the slightest doubt but that *certiorari* was the proper remedy by which to review his action under such statute or to test the validity of the statute under which such action was had.

Such supposititious case would be indistinguishable in principle from the ordinary proceeding to condemn land in which a justice of the supreme court as the legislative agent designated in the statute appoints three disinterested freeholders to appraise the value of the land sought to be taken by compulsory purchase from the owner thereof, who may, by the writ of *certiorari,* challenge *in limine* the right of the condemning agent to acquire his land or the validity of the statutory authority under which such right is claimed.

If, therefore, a different method of review obtains in the present statutory proceeding, as it actually is, it must be solely because of the official character of the agency selected by the legislature to administer it, or rather because of the nature of the judicial duties ordinarily performed by such agent in some other capacity; for in no other respect does the actual case differ from the supposititious one.

If such a distinction is valid it establishes the novel and highly important doctrine that the method by which a statutory proceeding shall be reviewed depends not upon the nature of such

proceeding but upon the personnel of the agency selected to administer it, or rather upon the character of the duties that are performed by such legislative agent in some other official capacity; so that if such legislative agent be also a court of general jurisdiction the remedy under such doctrine would be by an appeal which, in the case of the common pleas, would go to the supreme court; in the case of the circuit court would go either to the supreme court or to this court, and in the case of the court of chancery would go directly to this court by an appeal in equity. It is apparent that by force of such doctrine the writ of *certiorari* is entirely shorn of its prerogative character, since the legislature may in every case by the selection of one legislative agent rather than another determine that the method of review shall be other than by *certiorari.*

It is evident, therefore, that the present motion involves considerations of the most important and far-reaching character.

That such doctrine receives no support upon general principle from our existing institutions is shown by the fact that the action of the common pleas in granting or refusing a tavern license is, and always has been reviewable by *certiorari,* notwithstanding that such legislative agent is a court of general jurisdiction, and the same is true of proceedings to lay out public roads and other statutory proceedings brought before that court as a legislative agent.

The same is true of the circuit court, and the case of *East Orange* v. *Hussey, 70 N. J. Law (41 Vr.) 244,* in which this fact is established, is not only destructive of the supposed doctrine we are considering but is also necessarily dispositive of the motion now before us.

That was a motion to dismiss a writ of error that brought up to this court an order of the circuit court dismissing proceedings in a municipal improvement. The writ of error was dismissed and the ground therefor and the line of reasoning pursued by this court were that the statutory proceeding was one that could be reviewed by the supreme court upon *certiorari;* that it was beyond the power of the legislature to require the supreme court either to forego such writ or to share it with another tribunal,

which it would be required to do if the order of the circuit court was made in its judicial capacity; that the legislature would not be presumed to have attempted to do that which it was powerless to do, and hence that the designation of the circuit court as a participant in the statutory proceeding was as a legislative agent which was not modified or affected by the fact that the agency thus employed was in another capacity a court of general jurisdiction.

One headnote to the opinion in that case is: "The supreme court is the sole depository of the remedial writ of *certiorari* which by force of article 10, section 1 of the constitution it cannot be required to share with another tribunal." Another is: "A writ of error having been returned, bringing up a statutory proceeding and a motion to dismiss such writ having been heard —*Held,* that such proceeding, *regardless of the agencies that took part in it,* is reviewable by *certiorari* only, and not by writ of error."

Applying these established rules to the motion now before us, it necessarily follows that the present statutory proceeding is reviewable by *certiorari* only, regardless of the fact that one of the agencies that took part in it is the court of chancery, and that that circumstance cannot require the supreme court to forego its writ of *certiorari* or to share it with this court, which it would be required to do if an aggrieved party may review such statutory proceeding in this court upon a direct appeal.

The case cited so conclusively settles the principles pertinent to the present motion that their further discussion is neither requisite nor justifiable. The appeal is dismissed.