HORACE G. PRALL ET AL., PROSECUTORS, v. THE UNITED-
STATES LEATHER COMPANY, DEFENDANT.

Argued October 3, 1928—Decided October 18, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutors, *Walter L. McDermott* and *Henry W. Runyon, Walter E. Godfrey* and *Aaron H. Marx* (of the New York bar).

For the defendant, *Pitney, Hardin & Skinner* and *Waldron M. Ward.*

PER CURIAM.

The *certiorari* in this case was allowed to review an order made in the Hudson County Circuit Court; the order was dated February 3d, 1928; it confirmed a report made by three appraisers appointed by the court to appraise preferred shares of stock owned by the prosecutors in the United States Leather Company at $71 per share.

The proceedings are pursuant to section 108 of the General Corporation act of New Jersey. *Pamph. L.* 1896, *p.* 312; 1902, *p.* 700, as amended by *Pamph. L.* 1920, *p.* 284. That statute provides, "upon the merger or consolidation of any two or more corporation, which do not have the right to exercise any franchise for public use into a single corporation," &c. "For the appointment of three disinterested appraisers to appraise the full market value of his stock without regard to any depreciation or appreciation thereof in consequence of the said merger or consolidation."

The question presented for solution is: Have the appraisers fully performed the duty laid upon them by the statute? The prosecutors alleged grievance is they have not, while the defendant argues the contrary, and cites in support thereof the appraisers' report dated January 20th, 1928, and the order of confirmation by the Circuit Court dated February 3d, 1928. It is also argued that this court is bound by the decision of the Court of Errors and Appeals in the case of *Matter of the condemnation of the capital stock of the Morris Canal and Banking Co.*, 6 *N. J. Adv. R.* 987. While it is true that the proceedings in that case were under a different statute, viz., *Pamph. L.* 1923, *p.* 210, § 7, and the facts are also somewhat dissimilar, the statute in that case provides, "three commissioners or appraisers to appraise the *full market* value of said stock and what damages, if any, should be assessed for the taking of same." The extent and scope of the decision in that case is sufficiently comprehensive to include this case, although, under a different statute, the method contended for by the prosecutors in this case, for ascertaining the full market value of their shares of stock, was condemned in that case as unsound. The order of confirmation of the Circuit Court of Hudson county under review will be confirmed.