**CENTRAL R. CO. OF NEW JERSEY v. MARTIN, State Tax Commissioner of State of New Jersey, et al., and six other cases.**

Nos. 5045–5051(1933).

District Court, D. New Jersey.
Dec. 14, 1936.

Maximilian M. Stallman, of Newark, N. J., and Robert J. Bain, of Jersey City, N. J. (A. H. Elder, of New York City, of counsel), for plaintiffs.

David T. Wilentz, of Trenton, N. J., Duane E. Minard, of Newark, N. J. (John J. Solan, of Trenton, N. J., of counsel), for defendants.

FORMAN, District Judge.

These seven cases involve the assessments of the taxes on the properties of the plaintiff railroads for the year 1933.

As in the 1932 cases, the assessments made for 1933 were reviewed on appeal by the State Board of Tax Appeals which entered judgments for the defendant, the State Tax Commissioner, and against the railroads. But the railroads obtained writs of certiorari from the Supreme Court and the cases were reviewed by that court. After disposing of the railroads' contentions in a considered opinion, the Supreme Court dismissed the writs of certiorari. Central Railroad Company v. Thayer-Martin, 114 N.J.Law, 69, 175 A. 637.

The court is of the opinion that the contention of the defendants to the effect that the District Court is prohibited from issuing an injunction in these cases by section 265 of the Judicial Code is dispositive of these cases and it is not necessary to consider other questions.

Section 265 of the Judicial Code (28 U.S.C.A. § 379) provides: "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

In New Jersey, the State Tax Commissioner is empowered to assess railroad property for taxation. P.L.1931, c. 336, p. 823 (N.J.St.Annual 1931, § 208—37a (20) et seq.) He also has the right to review assessments and make such corrections as shall appear just. P.L.1933, c. 305 p. 819 (N.J.St.Annual 1933, §§ 208—456, 208—457). Unless the assessments are reviewed, the certificate of valuation of the Commissioner to the Comptroller of New Jersey is conclusive and has "the force and effect of a court of record having competent jurisdiction."

Appeals from the Commissioner are reviewed by the State Board of Tax Appeals. It has the power "to hear, review and determine all appeals * * * to make such orders upon the final determination of such appeals as will effectuate said just determination according to law."

The "final determination" of the Board is subject to review by certiorari in the Supreme Court of New Jersey.

Section 13 of the Railroad Tax Act of 1888 as amended (P.L.1933, pp. 819, 823 [N.J.St.Annual 1933, § 208—457]) provides, in part: "If it shall be made to appear before the Supreme Court on the writ of certiorari that the final determination of the State Board of Tax Appeals in respect to any such assessment or tax in controversy is illegal, excessive, insufficient, or that there has been illegal discrimination in the assessment, the Supreme Court shall correct, adjust and equalize such assessment and tax or refer same back to the State Tax Commissioner who shall correct, adjust and equalize the assessment and tax in accordance with the instructions or decision of the court."

The judgment of the Supreme Court is reviewable, of course, by the Court of Errors and Appeals. Central Railroad Company v. State Tax Department, 112 N.J.Law, 5, 169 A. 489.

The decision of the Supreme Court of the United States in Hill v. Martin, 296 U.S. 393, 56 S.Ct. 278, 80 L.Ed. 293, disposes of the question of the jurisdiction of this court.

In that case, the taxing authorities of the state of New Jersey had assessed estate taxes. The executors of the estate involved appealed to the prerogative court, which affirmed the assessment. In re Dorrance's Estate, 115 N.J.Eq. 268, 170 A. 601. The executors obtained a writ of certiorari in the Supreme Court of the state to review the assessment. That court dismissed the writ after its review. Dorrance v. Thayer-Martin, 176 A. 902, 13 Misc. 168. Thereupon, the executors brought a bill of complaint in the United States District Court to enjoin the collection of the taxes on the grounds that the Transfer Tax Act, as construed and applied, violated the full-faith and credit clause and the due process clause of the Fourteenth Amendment of the Constitution of the United States. The District Court held that it had no jurisdiction under section 265 of the Judicial Code (28 U.S.C.A. § 379) and dismissed the bill of complaint. 12 F.Supp. 746. The case was carried to Supreme Court.

The contention urged by the executors in that case was to the effect that section 265 did not prevent the District Court from granting the injunctions, since the proceedings in New Jersey had not pass-

84

ed from the administrative to the judicial stage.

In its opinion, the Supreme Court held as follows: (1) That the action of the Supreme Court of New Jersey in reviewing the assessment on certiorari was judicial; (2) that this was so even though it was necessary after the review to take further proceedings to translate the assessment into an enforceable judgment; (3) that the prohibition of section 265 includes all steps taken or which may be taken, original, supplemental or ancillary.

After considering the law of New Jersey applicable to estate taxes, the court said: "The Supreme Court's review of the administrative act of assessing was judicial action. It is a court created by the Constitution; and its jurisdiction to review, on certiorari, proceedings of inferior tribunals is an inheritance from the Court of Kings Bench. The Supreme Court has broad powers. It may, as recited in the New Jersey Certiorari Act of 1903, as amended (1 Comp.St.N.J.1910, p. 402 et seq., § 1 et seq., Comp.St.Supps. N.J.1924, 1930, § 32—14), 'determine disputed questions of fact, as well as of law'; and when inquiring into the facts, is not limited to the evidence introduced before the tribunal whose proceeding is under review. It may act 'by depositions taken on notice, or in such other manner as is according to the practice of the court'; and it 'may reverse or affirm, in whole or in part, such tax or assessment.' Power to review the facts is conferred in New Jersey not only upon the Supreme Court but also upon its highest appellate tribunal—the Court of Errors and Appeals. Power, upon inquiry into the facts, to take evidence additional to that introduced before the tribunal whose action is under review is a power not uncommonly possessed by appellate courts in proceedings strictly judicial. The power to 'reverse or affirm, in whole or in part' does not imply that the court may exercise administrative discretion. Such power is a common incident of the judicial review of taxation. As the administrative proceeding of assessing the tax had ended when the Supreme Court granted its writ of certiorari, we have no occasion, in this connection, to inquire whether it had not already ended when the appeal to the Prerogative Court was allowed." Hill v. Martin, 296 U.S. 393, 400 to 401, 56 S.Ct. 278, 281, 80 L.Ed. 293.

In this case, the State Tax Commissioner assessed the tax; it was reviewed on appeal in the State Board of Tax Appeals which is the body designated by the Legislature to be the primary reviewing tribunal. The statute provides that the "final determination" of the Board shall be contested by certiorari. Without that provision the power, of course, would be implicit in the Supreme Court of New Jersey. In re Prudential Insurance Co., 82 N.J.Eq. 335, 88 A. 970; In re Roebling's Estate, 91 N.J.Eq. 72, 108 A. 359.

While section 13 of the Railroad Tax Act provides for supplemental procedural machinery for the correction of the assessment by the Supreme Court of New Jersey, what was said in Hill v. Martin is clearly controlling here. This court is bound to hold that its jurisdiction has been defeated by the judicial review of the Supreme Court of New Jersey in these cases involving the 1933 taxes.

Therefore the relief prayed for will be denied and the injunctions heretofore granted will be discharged.