ALPHONSO MOSES EL, PETITIONER-DEFENDANT, v. JOHN
J. TOOHEY, JR., STATE COMMISSIONER OF LABOR,
RESPONDENT-PROSECUTOR.

Submitted May 7, 1940—Decided July 22, 1940.

Before Justices CASE, DONGES and HEHER.

For the petitioner-defendant, *Harry Krieger.*

For the respondent-prosecutor, *Stephen J. Lorenz* and
*William J. Egan.*

The opinion of the court was delivered by

CASE, J.   Alphonso Moses El suffers permanent total disability due twenty-five per centum to accident arising out of employment, for which compensation was awarded against the employer, and seventy-five per centum to pre-existing conditions independent of employment. He petitioned the Commissioner of Labor for benefits from the one per centum fund, *R. S.* 34:15-94, *et seq.,* and was denied by the commissioner under an apparently mistaken conception of the law. El appealed to the Court of Common Pleas of the county of Essex and was there granted the relief sought for and was

allowed costs and counsel fee, the latter in the amount of $1,000 to be paid one-third by the client and two-thirds from the fund. Thereupon the commissioner sued out this writ and now argues that the allowance of costs and counsel fee was without warrant in law and should be set aside. The response on behalf of El is chiefly that the statute creating the fund is an integral part of the Workmen's Compensation act, in *pari materia,* and that therefore the allowance of costs is authorized by *R. S.* 34:15-66 and of counsel fee by *R. S.* 34:15-67, the statutory provisions which give authority for such allowances in actions against the employer for compensation.

It is true that in the Revision of 1937 the one per centum statute was incorporated with the Workmen's Compensation act and that in *Voessler* v. *Palm Fetchleler & Co.,* 120 *N. J. L.* 553; *affirmed,* 122 *Id.* 434, it was held that the tribunals for procuring the relief and the procedure for procurement should be the same as under the Workmen's Compensation law. Costs do of course, and have been held to, relate to remedy and procedure; but in the phase of the subject which we are now considering they are more than the mere manner of achieving a result. The decision that a disabled workman, granted benefits by a statute which does not set up a procedure, should proceed by petition before the tribunals established by the Workmen's Compensation act does not carry as a corollary that he is potentially entitled to receive from the fund the allowance of costs and counsel fee which the Workmen's Compensation act provides may be imposed against the employer. The fundamental elements of the two claims are quite different. The claim against the employer grounds in a contractual right; that against the fund is in the nature of a benevolence and is bulwarked against a claim of right by the express terms of the statute, 34:15-95: "* * * No person shall be deemed to acquire or to have acquired any rights, vested or otherwise, under the provisions of this section." The employer being liable to his workman may logically be penalized (an attorney's fee is in the nature of a penalty, *Igoe Bros.* v. *National Surety Co.,* 112 *Id.* 243) for wrongfully withholding payment. That penalty against

the employer does not at all jeopardize the right of another injured workman to collect. But the Commissioner of Labor is the agent of the state in disbursing a fund to workmen who have met with permanent total disability and are not able, under their statutory contract, to collect full compensation. The fund has limited income and no facilities for elastic expansion beyond that limitation. It is the duty of the commissioner to conserve the fund and where there is doubt as to the propriety of a claim to withhold payment until the courts have spoken.

The allowance of costs and counsel fees is more than procedure if we regard procedure as merely a channel for reaching an objective. Procedure may develop by assimilation or conformance to existing practice. But the allowance of costs and counsel fees must have statutory authority. *Textileather Corp.* v. *American, &c., Insurance Co.,* 110 *N. J. L.* 483. There was no such authority in the original statute, chapter 81, *Pamph. L.* 1923, or in the subsequent amendments. The consolidation, in the 1937 Revision, of the One Per Centum act with the workmen's compensation legislation does not, we think, serve to subject the fund to that burden. That such charges do become real burdens is apparent from the considerable allowance made in the instant case, which includes, also, fees to the medical witnesses produced by El before the commissioner in establishing his claim upon the fund.

In our opinion the courts are not at liberty to order a disbursement from the fund for any purpose other than the contribution to persons totally and permanently disabled for such period of that disability as is not met by compensation from the employer under the statutory contract. The judgment below will be set aside to the extent that it imposes other charges. Costs on this review are not allowed.