[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 582 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 583 
Petitioners, owners of 1278 shares of 5% Preferred stock of Janssen Dairy Corporation, dissented from the merger and consolidation of the company effected December 31, 1947 underRevised Statutes 14:12-9, with Philadelphia Dairy Products Company, Inc., and by their petition filed January 23, 1948 invoked Revised Statutes 14:12-7, requiring appraisal of the full market value of their shares. The appraisers appointed on the petition have filed their report, dated February 1, 1949, appraising each share of stock held by petitioners at $73.15 and awarding the petitioners the following amounts according to the respective numbers of shares held by each:
Babette Sanders 388 shares $28.382.20
Lilliam Kromholz 165 shares 12,069.75
Charlotte Brandes, as administratrix of
Estate of W.L. Kamena, Jr. 10 shares 731.50
Charlotte M. Brandes 690 shares 50,473.50
Edna A. Kertland 25 shares 1,828.75

Petitioners move confirmation of the report and confirmation is not opposed. The report is confirmed and an appropriate order under the statute may be presented directing the consolidated corporation to pay to each petitioner the value of her stock as aforesaid.
Petitioners ask that interest be allowed from the date of the merger, December 31, 1947, and, also, that the consolidated corporation be directed to pay all costs and charges of the proceeding, including appraisers' fees, counsel fees to petitioners' counsel, and expenses incurred by petitioners in employing accountants and to secure stenographic transcripts of the testimony.
Petitioners Sanders and Kromholz ask interest at the rate of 4 1/2%, contending such allowance is fair and proper inasmuch *Page 584 
as assenting Janssen stockholders received under the merger plan First Preferred Stock of Philadelphia Dairy Products Company, Inc., and also four dollars and fifty cents per share per annum computed from October 1, 1947 to the quarterly dividend date next preceding the actual issuance thereof, less a sum equivalent to any dividends paid on the Janssen stock from September 5, 1947.
Petitioners Brandes and Kertland, in addition, argue that dividend arrears of $30 on the Janssen stock accrued but not declared at the time of the merger should be ordered paid or in any event be compensated for to some extent in the form of an allowance of interest. There is no merit in the request that the dividend arrears be allowed. The dividends had not been declared at the date of the merger and were not a corporate debt to these shareholders. In any event, the appraised value of the stock reflects all elements of value properly to be considered in fixing that value at the date of the merger.
Petitioners' plea for interest, however, has much to be said for it. But we must consider it in the light of the narrow scope of our powers in the premises, for we sit in this instance as a special statutory tribunal only, and not by reason of any constitutional or inherited common-law jurisdiction. We are merely a legislative agent through whose instrumentality this special proceeding is administered and our authority is channeled strictly within the bounds of the powers delegated to us. SeeMellor v. Kaighn, 89 N.J.L. 543 (E. A. 1916), City ofPlainfield v. McGrath, 117 N.J.L. 348 (Sup. Ct. 1936), Inre Prudential Insurance Company of America, 82 N.J. Eq. 335, (E. A. 1913), In re Roebling's Estate, 91 N.J. Eq. 72
(E. A. 1919).
Orders under this statute, for example, have been reviewed by writ of certiorari as in the case of statutory agents generally, and not by appeal. Prall v. United States Leather Co.,6 N.J. Misc. 967, affirmed 105 N.J.L. 646 (E. A. 1929). The record in this case reveals that originally an appeal was taken to the former Court of Errors and Appeals from an order confirming an award and the appeal was dismissed on the ground the order was that of a statutory agent, *Page 585 
reviewable on certiorari, and not an order of the court in the exercise of its general judicial powers, reviewable by appeal. Under our new practice review would presumably be by procedure in lieu of prerogative writs under Rule 3:81, superseding the writ of certiorari under the old practice.
Moreover, neither of these parties is before us involuntarily. This proceeding flows from a contract between the parties. The dissenting stockholders and the corporation by virtue of the statute made the provisions for the appointment of appraisers, and their appraisement of the stock, a matter of contractual obligation. N.J. Hudson River Ry. Co. v. American ElectricalWorks, 82 N.J.L. 391 (E. A. 1911). This is because the provisions of the statute became a part of the contract existing between the corporation and these preferred stockholders at the time of the issuance of the preferred stock involved in this matter.
Thus it remains for the court to interpret the meaning of the contract stemming from the statute to ascertain whether it provides for an allowance of interest or permits a direction to the consolidated corporation to pay all the costs and expenses of the proceeding. We may confine our study to Revised Statutes
14:12-7. We have been referred to no other pertinent enactments and our own research has uncovered none. True, petitioners argue that Rules 3:54-6 and 3:54-7 dealing with costs are applicable, but in our view these relate only to costs in "actions of a civil nature" within the intendment of Rule 3:1-1. Compare In reCanda Realty Co., 17 N.J. Misc. 346 (Sup. Ct. 1939); In reJersey City Condemnation Proceedings, 49 N.J. Law Journal 142. This is not such an "action". The former Court of Errors and Appeals expressly held that a substantially identical proceeding under an analogous statute is "not like an ordinary action".N.J. Hudson River Ry. Co. v. American Electrical Works, supra.
 Revised Statutes 14:12-6 and 14:12-7 are silent both as to the right to interest and on the subject of costs and expenses. Inferentially the language employed negatives any right to interest and any intention that the consolidated corporation bear the whole burden of costs and expenses. We *Page 586 
recognize that the statute is to be liberally construed to effect the simple and prompt remedy contemplated and to avert what might otherwise be a serious injustice to minority stockholders. N.J. Hudson River Ry. Co. v. American Electrical Works, supra. But we are not for that reason justified in interpolating into the statute rights and obligations not fairly expressed therein.
Our duty to hold strictly to the legislative authority delegated to us impels the conclusion that the most liberal construction of the statutory language cannot justify the implication of obligations upon the consolidated corporation either to pay interest or to pay all the costs and expenses of the proceeding. Nor in our view does the statute give us discretion to impose them upon the corporation.
The obligation of the consolidated corporation is quite clearly expressed as an obligation to pay to the stockholder "the value of his stock as aforesaid" and on receiving "such" payment the stockholder is duty bound to transfer his stock. The statute further provides that the "amount" of the "award" shall be a lien if not paid within the time stipulated by the act. We believe the statute inferentially excludes any interest from accruing during the period before the amount of the award becomes a judgment and as well any intention that the burden of costs and expenses is to be borne solely by the consolidated corporation.
Where our legislature has intended that interest shall be added to the award, it has clearly said so. The most recent example is the Banking Act of 1948, Revised Statutes 17:9A-142b which provides that a stockholder dissenting from a merger of a banking corporation shall receive "the value of his shares, as reported by the appraisers, with interest from the date of the filing of the merger agreement . . . at such rate, not in excess of the legal rate, as shall be fixed by the appraisers". This was not so under prior banking statutes. See R.S. 17:4-80 et seq.,
17:4-90, 91, 94, 96 and 99. This points the way to a legislative remedy for situations under the instant statute which we agree, certainly as to interest, fairly bespeak legislative aid. *Page 587 
In other jurisdictions stockholders have not been allowed interest when statutes, like that before us, are silent as to interest.
New York: Trask v. Peekskill Plow Works, 6 Hun 236, holding that as the stockholders' claim partook of the nature of an unliquidated amount, he was not entitled to interest upon it until the report of the appraisers establishing its value was filed; In re Erlanger, 237 N.Y. 159, 142 N.E. 571 (1923); Matter of East River Land Co., 206 N.Y. 545, 100 N.E. 421.
Maryland: American General Corp. v. Camp, 190 Atl. 225 (1937).
England: In re United States Direct Cable Company, Ltd. 48 L.J. Ch. N.S. 665 (Bacon, V.C. 1879).
Delaware: Meade v. Pacific Gamble Robinson Co., 51 Atl. (2d),
313, affirmed by Delaware Supreme Court, 58 Atl. (2d) 415 (1947), construing Section 61 of the Delaware General Corporation Law, Delaware Revised Code, 1935, sec. 2093, as amended; In re General Realty Utilities Corporation 52 Atl. (2d) 6 (Del.Ch. 1947).
And see articles on the general subject in 45 Harvard LawReview 233 and 32 Columbia Law Review 60.
New York and Maryland have since amended their statutes expressly to provide for the payment of interest. New York Laws
1934, chapter 764; Maryland Laws Code Pub. Gen. Laws Supp.
1935, art. 23, sections 33-36, as amended.
Petitioners rely as to interest on Skipwith v. Federal Water Gas Corp., 56 N.Y.S. (2d) 804, and Jones v. Missouri-EdisonElectric Company, 233 Fed. 49 (8th C.C.A. 1916). TheSkipwith case construed the Delaware statute and held that interest should be allowed as a matter of "simple justice". But the highest Delaware court, in Meade v. Pacific Gamble RobinsonCo., supra, discussed and expressly declined to follow theSkipwith case. Thus, the Skipwith case stands repudiated by the highest authority on the interpretation of the Delaware statute and we may no longer regard it as a guiding precedent.
The Jones case did not involve an appraisal statute. It arose on a bill in equity to set aside a merger of several corporations as illegal and a fraud upon complainant stockholders. The court decreed that the merger was illegal and a fraud and gave the defendant the option of reconstituting the separate corporations or of paying complainants the value of their stock with interest *Page 588 
thereon and costs. This was clearly the exercise of equitable powers to remedy a fraud.
We conclude that the statute neither authorizes nor intends the allowance of interest.
We come next to the matter of costs and expenses and first whether or not the services of the appraisers are to be paid for and, if so, by whom. These expenses of the proceeding are clearly not in the same category as those for counsel fees, and for accountants and stenographic services incurred by petitioners in litigating their claims as to the value of their stock. Inasmuch as the contractual obligation raised by the statute permits of the appointment of the appraisers and they have been appointed and have performed their duties, naturally an implication arises that they are to receive compensation for their services.
In the American Electrical Works case, supra, the former Court of Errors and Appeals said this conventional arrangement under an appraisal statute is "somewhat analogous to that provided by our [General Arbitration Act]", now RevisedStatutes 2:40-1 et seq., which permits persons who are desirous of ending any controversy by arbitration to make an agreement to that end. This is a guide as to our course under the instant statute as to appraisers' fees. It is well settled in arbitration matters that in the absence of an express provision in the agreement, there is an implied agreement to pay such sums as will fairly and reasonably compensate the arbitrators for expenses incurred and services rendered, and all parties to the agreement in that case are equally liable for the payment of the fees. 3 Am. Jur., "Arbitration and Award", sections 94 and
98, and cases cited. Section 98 reads, in part:
"The liability of the parties to pay this compensation is at least a joint one, and because of the peculiar relationship of the arbitrators to the parties, is ordinarily considered to be joint and several. As between the parties, however, it is generally held that a party who is compelled to pay more than his share of the arbitrator's fees may enforce contributions from the others."
We believe that these are the principles to be applied here and that the statute implies a like obligation of the parties in *Page 589 
these proceedings to share between them the payment of reasonable fees to the appraisers. The petitioners insist that because the statute says they are to receive the "full market value" of their stock, the implication arises that they are to receive nothing less and if they are called upon to pay any part of the compensation for the services of the appraisers, they would not be receiving the full value of their shares to which they are entitled. This is tantamount to saying there is a provision in the statute determining the matter. We think it strains the words employed to give the statute such reach. Where this is intended, the statute has been more explicit. Meade v. Pacific GambleRobinson Co., supra; Manning v. Brandon Corp., 163 S.C. 178,161 S.E. 405; Fletcher Cyc. of Private Corps., sec. 7165,note 45; In re Baker, 284 N.Y. 1, 29 N.E.2d 241.
The appraisers have asked $2,000 each, or $6,000 in all, and the parties have stipulated, and the court agrees, that these charges are reasonable. The order will include a provision allowing $2,000 to each appraiser and directing that the consolidated corporation pay one-half and the petitioners one-half, the latter to be paid by each petitioner in the proportion that the amount of the award to her for her stock bears to the aggregate of the awards to all petitioners.
As to the other costs and expenses, it is evident that there is no basis upon which to direct the consolidated corporation to pay petitioners' attorneys' fees or the expenses incurred in employing accountants and purchasing stenographic transcript. It is well settled that expenses such as these for prosecuting or defending litigation are normally to be borne by the parties themselves. Public policy favors free access to the courts, which is the reason such costs in the absence of statutory provisions explicitly making them part of taxable costs or otherwise authorizing their imposition on other parties are damnum absqueinjuria and without redress. 1 Corpus Juris "Actions", Section
60(d), page 967; Textileleather Corp. v. American Mut.Insurance Co., 110 N.J.L. 483 (E. A. 1938); El. v.Toohey, 125 N.J.L. 150, affirmed 125 N.J.L. 510; and seeCook v. Chapman, 41 N.J. Eq. 152 (Ch. 1886). Such items *Page 590 
are "the natural burden of any individual involved in litigation, whether or not he is successful". Meade v. Pacific GambleRobinson Co., supra.
An order conforming to these views may be noticed for settlement.