HOUSING AUTHORITY OF THE CITY OF LONG BRANCH, PLAINTIFF-RESPONDENT, v. MARIA VALENTINO, *ET AL.*, DEFENDANTS-APPELLANTS.

Argued May 10, 1966—Decided June 6, 1966.

*Mr. Ralph S. Heuser* argued the cause for defendants-appellants (*Messrs. Heuser & Heuser,* attorneys; *Mr. Ralph S. Heuser* of counsel).

*Mr. Thomas L. Yaccarino* argued the cause for plaintiff-respondent (*Mr. Edward F. Juska,* attorney; *Mr. Thomas L. Yaccarino* of counsel and on the brief).

The opinion of the court was delivered

PER CURIAM. Defendants appeal from two orders entered by the Superior Court, Law Division, subsequent to a judgment in condemnation proceedings awarding $83,000 as the value of the property taken by plaintiff. This valuation, found by a jury after trial, was based upon conflicting evidence of its market value as of the date of the taking, *i. e.,* June 12, 1961. Both parties used June 12, 1961 as the critical date on which their experts based their opinions of market

value. The jury award of $83,000 was recorded as a judgment on February 11, 1965. No appeal has ever been taken from that judgment.

Some time later defendants applied to the trial court for an allowance of interest on the $83,000 award from August 2, 1955 to March 21, 1965, the date the Housing Authority paid the judgment. In support of the motion defendants alleged they had been deprived of the use of their property since the date specified. They made a second motion also, requesting the allowance of counsel fees as well as fees paid to their experts in the condemnation trial. Interest was allowed at 4% on $56,400, the excess of the award over the $26,600 deposit the Housing Authority had made prior to trial. It amounted to $8,414. The beginning date for the computation of interest was the date of filing the complaint in condemnation, the same date used at the trial as the date of taking of the property and consequently the valuation date. Counsel and experts fees were denied, the court finding no authority for such allowances.

The present appeal was taken only from the order of September 22, 1965 fixing the interest, and denying the fees. The judgment of February 11, 1965 awarding $83,000, based upon the taking date of June 12, 1961 has never been appealed from and remains unchallenged. Under the circumstances our attention must be limited to the validity of the orders under attack.

The date of taking of defendants' property was determined by a trial judge prior to trial pursuant to an agreement included in the pretrial conference order. After both parties had submitted their pertinent proof, the date adjudicated was June 12, 1961. The Appellate Division granted leave to appeal therefrom, and after argument remanded the matter to the trial court for the taking of further evidence on the subject. This was done before a second judge who, on March 13, 1964, also decided that the date of taking for valuation purposes was June 12, 1961. No appeal was filed or attempted from that determination and the matter proceeded to jury

trial, where as has been noted, both parties accepted and used the June 12, 1961 date as the basis for their market value evidence. And, as has been noted, no appeal was pursued from the final judgment either with respect to the sum awarded or the use of June 12, 1961 as the valuation date. Moreover, the time for appeal therefrom has long since passed.

 Ordinarily in these cases interest on the adjudicated valuation runs from the date of actual taking. *State, by State Highway Com'r v. Seaway, Inc.,* 46 *N. J.* 376 (1966) ; *New Jersey Highway Authority v. Ellis,* 24 *N. J.* 1 (1957). The date of taking in this instance was in dispute between the parties. That issue was tried out in one phase of the proceedings, a factual finding made thereon, which was then accepted and utilized by both parties in the final and most important phase, namely valuation. Defendants' post-judgment application for interest from a date earlier than the unappealed adjudicated date of taking is thus inconsistent with the established record.

██ With respect to the order denying counsel and expert witness fees, again we find no error. There is no provision in the statute for them. And the application for counsel fees is not within the scope of our existing rule. See *R. R.* 4 :55–7.

The orders appealed from are affirmed.

*For affirmance* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO — 6.

*For reversal*—None.