110 N.J. Super. 506 (1970)
266 A.2d 164
NEW JERSEY TURNPIKE AUTHORITY, PLAINTIFF,
v.
BAYONNE BARREL & DRUM CO, A NEW JERSEY CORPORATION; FRANK LANGELLA; CITY OF NEWARK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY; NATIONAL STATE BANK OF NEWARK, A NEW JERSEY CORPORATION; PETER HOLDING COMPANY, A NEW JERSEY CORPORATION; TILLIE HOLDING COMPANY, A NEW JERSEY CORPORATION; ECONOMY LEASING COMPANY, A PENNSYLVANIA CORPORATION; STATE OF NEW JERSEY; UNITED STATES OF AMERICA, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided April 27, 1970.
*508 Mr. Thomas C. Mitchell for plaintiff (Mr. Grover C. Richman, Jr., attorney; Mr. Thomas C. Mitchell on the brief).
Mr. Joseph R. McMahon argued the cause for defendant Bayonne Barrel & Drum Co. (Messrs. Lum, Biunno & Tompkins, attorneys; Mr. Joseph R. McMahon on the brief).
OWENS, J.S.C.
The condemnee, Bayonne Barrel & Drum Co., has applied to the court for an award of legal fees and expert witness fees as an element of damages. This motion was made after a struck jury had returned a verdict of $2,767,000 as damages in the eminent domain proceeding. Prior to that the condemnation commissioners had made an award of $2,873,904 as representing just compensation for the taking of the defendant's property.
An extended statement of facts is not necessary for the disposition of this motion. It is sufficient to state that plaintiff Turnpike Authority originally deposited the sum of $397,036 as the amount it believed would constitute just compensation.
The condemnee justifies its request on the theory that pursuant to the Federal Constitution and the Constitution of the State of New Jersey the landowner must be made "whole" as a matter of equitable principles. These expenses, claims the condemnee, are necessary and unavoidable costs in the defense of a condemnation proceeding and thus are not "counsel fees" in the traditional sense. The argument developed asserts the manifest injustices placed upon a condemnee when a sovereign exercises the right to take land. The condemnor points to R.R. 4:55-7 (now R. 4:42-9) and states that counsel fees may be awarded only as permitted by the rule. It also cites several cases for the proposition that each litigant should bear his own counsel fees. Finally, the case of Housing Authority of Long Branch v. Valentino, 47 N.J. 265, 268 (1966), is cited as the present authority on the issue.
*509 The Valentino case would appear to preclude this court from granting defendant's motion. The facts in that case, however, seem to be of the ordinary garden variety. In the case at bar the facts and circumstances dictate a further exploration.
It is axiomatic that in any condemnation proceeding the property owner is entitled to just compensation for his land. The Federal Constitution and the New Jersey Constitution (1947), Art. I, par. 20, provide that "Private property shall not be taken for public use without just compensation." What, then, does the term "just compensation" include? Does it include the expense of obtaining expert witnesses? Does it include the expense of representation by counsel? The court is aware that as a general proposition of law, costs are not recoverable unless allowed by statute. State v. Pellini, 75 N.J. Super. 161, 169 (App. Div. 1962), Metler v. Easton and Amboy R.R. Co., 37 N.J.L. 222 (Sup. Ct. 1874). Metler further states that if costs are given by statute their allowance in any case will depend upon the terms of the statute.
Presently there are two rules which allow costs in condemnation proceedings. One is R. 4:73-5 (formerly R.R. 4:92-5):
On the motion of any party, including the commissioners, the court may, in its discretion, on proper showing, allow such fees, expenses and costs of the commissioners as it deems adequate, to be paid by plaintiff. [Emphasis added]
The other rule is R. 4:73-8 (formerly R.R. 4:29-8).
Costs of the appeal shall be taxed against the plaintiff-condemnor in all cases except those in which the appeal is brought by the defendant-condemnee and the judgment is for the same or a lesser sum than that awarded by the commissioners.
To iterate, R. 4:73-5 refers to costs of the commissioners, R. 4:73-8 to costs of the appeal. Does either or both of these rules include counsel fees and expert witness fees?
*510 Generally, the courts in most jurisdictions throughout the United States have construed condemnation statutes which provide for "costs" and "expenses," without specifically mentioning legal fees or expert witness fees, as not intending to provide for the payment of such fees, declaring that they are not part of the costs or just compensation. See 26 A.L.R.2d 1295. Authority supporting this view is found in this jurisdiction in the case of In Re Canda Realty Co., 17 N.J. Misc. 346, 9 A.2d 305 (Sup. Ct. 1939). The court there interpreted R.S. 20:1-14, which was repealed July 1953. However, its meaning and language became instilled in R.R. 4:92-5 (now R. 4:73-5). See State, by State Highway Com'r v. Dilley, 48 N.J. 383, 386 (1967).
The Canda Realty court held that the statute allowing costs to the commissioners could not be construed to include an allowance of counsel fees for the landowners. The court specifically stated:
R.S. 20:1-14 likewise, in my opinion, is inapplicable. It provides that "the justice of the Supreme Court * * * shall, upon application of either party on reasonable notice, tax and allow such costs, fees and expenses of the commissioners, clerks and other persons performing any of the duties prescribed in section 20:1-1 to 20:1-13 of this title as he shall think proper, which shall be paid by the petitioner." None of the charges for which the owner seeks an allowance is on behalf of a commissioner, clerk or other person performing any duty prescribed in those sections of the statute which precede 20:1-14.
This court feels that Canda Realty is not stare decisis. The statute construed in that case, R.S. 20:1-14, was, as is the present R. 4:73-5, discretionary with the court. Accordingly, even if the holding in that case was proper for the particular facts presented therein, it cannot be said that such a holding would preclude a contrary interpretation of judicial discretion by another court under a different set of facts. This court is therefore capable of exercising its own judicial discretion if it finds a distinction.
The question is, should this court divert from the traditional approach of not allowing legal and expert fees in a condemnation case when the statute provides only for costs?
*511 Ordinarily when a point of law has been settled by decision, it forms precedent from which there should be no departure. This is based on the theory that security and certainty require that accepted and established legal principles, under which rights may accrue, be recognized and followed in order to sustain our present legal system. Precedent alone, however, cannot be permitted to compound injustice. With the passing of time a precedent that was just and equitable in the past may become obsolete and inequitable. This was expressed by our Supreme Court in State v. Pennsylvania R.R. Co., 9 N.J. 194 (1952):
The principle espoused by these cases has stood for over 100 years. Mere antiquity, however, will not save it from the onslaughts being made if it is otherwise barren of reason or logic, equity or justice. Time alone will not suffice to cause its re-embracement. On the other hand, a firmly fixed and well settled rule should not be changed unless it is proved erroneous or, under present-day conditions, no longer sustains the basic principles of law and justice which originally evoked it. [at 200]
Under present-day conditions the traditional approach of requiring a condemnee, in all cases, to bear the expense of legal fees and expert witnesses is inequitable and an unfair burden placed upon the landowner. We are mindful that the condemnee is in a far different position than the average defendant. If the average defendant is in court, it is usually because he has committed an act of commission or omission. A condemnee becomes a litigant merely because he owns land that the sovereign wishes to acquire. The sovereign must pay just compensation for such land. Does a condemnee receive just compensation or is he "made whole" if he must expend large sums of money to insure that he gets a fair price for his land? We think not.
The case of In re Commissioners of Palisades Interstate Park, 83 Misc. 186, 144 N.Y.S. 782 (Sup. Ct. 1913), took the following approach in construing a statute similar to R.S. 20:1-14 (now carried over into R. 4:73-5). That statute read:
*512 The said court shall also tax and allow such costs, fees and expenses to the commissioners of appraisal and other persons performing any legal duty in the premises, as it shall think equitable and right, which shall be paid by the said board of park commissioners. [Emphasis added]
Asked to interpret "other persons," the court said:
It is to be noted here that the expression "other persons" is very broad, viz., "other persons' performing any legal duty in the premises as it [the court] shall think equitable and right." It is the right of the claimant to be heard by the commissioners of appraisal, a right expressly given to him by statute; and if the statute did not in some substantial way accord to him such right, it would, upon elementary considerations, be unconstitutional as not affording due process of law. Hearing before such a commission necessarily involves representation by counsel and witnesses. * * * Such counsel, when so appearing and acting, are officers of the court, although paid by their clients, and certainly it can be said that in so acting they perform a legal duty; and I think that the same thing may well be said of witnesses who testify under the responsibility of the pains and penalties of perjury statutes. * * *

* * * * * * * *
Therefore it is my conclusion that under the special statute here applying, the court has power to grant to the persons to whom awards have been made allowances to reimburse them for their necessary actual expenses incurred for counsel and expert witnesses. [Emphasis added.]
This seems to be a more practical and realistic approach in construing a condemnation statute. It is the Court's view that the "just compensation" clause of the New Jersey Constitution would be more accurately upheld if the approach taken in In re Commissioners of Palisades Interstate Park, supra, was followed. It would be a closer hewing to the provisions of both the Federal and State Constitutions and their fundamental guarantees. One such guarantee is that a landowner receive "just compensation" for his land. If the agency taking the land cannot agree with the landowner as to the value, then the landowner has a fundamental guarantee of having an impartial commission decide the worth of his land.
*513 The court now turns to the final issue. Does the present litigation and the facts surrounding it require the court to exercise its discretionary authority and grant defendant's request for legal fees and expert fees. The court is of the opinion that the facts and circumstances of the present case impel the award of legal and expert fees as an element of damages. There can be no doubt that this extended litigation was forced upon defendant landowner by the condemning authority. The Turnpike Authority made a deposit of $397,036 as representing what it considered to be the true value of defendant's land. It is obvious that the agency grossly misjudged the value of the property and thereby forced defendant into court. It compelled defendant to obtain counsel and experts. The burden of defending placed upon defendant an inordinate delay resulting in additional expenses. It created the type of problem Justices Jacobs and Schettino described in a concurring opinion in Bergen Builders, Inc. v. Horizon Developers, Inc., 44 N.J. 435:
The ever mounting problem of court congestion is referred to and the thought is voiced that adoption of the English practice, which widely allows prevailing parties to recover their legal expenses including attorneys' fees, may serve to discourage much unjustifiable litigation. In some states the English practice has been followed. (Citations omitted.) In others, legal expenses including attorneys' fees are allowed against vexations or oppressive litigants such as those who assert claims or defenses in bad faith or without reasonable basis. [at 439; emphasis added]
See also 88 N.J.L.J. 728, "The High Price of Justice," an editorial discussing the quoted case.
This court is also mindful of the guidance presented by our Supreme Court in State v. Nordstrom, 54 N.J. 50 (1969), which concerned the running of interest in a condemnation case. In affirming the trial judge's allowance of interest on the jury verdict and fixing the time for the running of interest from the date the State filed its complaint until the return of the jury award, the court said:
*514 Moreover, in such a situation the allowance of interest from the time of the filing of the complaint has the wholesome effect of stimulating the condemnor to prompt action, or at least to making a meaningful offer of settlement. In the present case the proceedings spanned a year and a half and the State's highest offer of settlement was less than one-fifth the jury's verdict. [54 N.J. at 57; emphasis added]
It is easily cognizable how the above reasoning, when applied to expenses such as legal fees and expert witness fees, would stimulate the condemnor to prompt action or at least the making of a meaningful offer. Prompt action was not taken, nor was a meaningful offer made. The original offer was approximately one-seventh the final jury award. Although the Turnpike Authority later increased the deposit to $900,000, this amount did not approach an "accurate and impartial appraisal" required by N.J.S.A. 27:23-5.
Finally, in addition to the aforestated reasons, this court finds further authority for its ruling in R. 1:1-2, which reads as follows:
The rules in Part I through Part VII, inclusive, shall be construed to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay. Unless otherwise stated, any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice. In the absence of rule, the court may proceed in any manner compatible with these purposes. [Emphasis added]
It is this court's finding that under all of the facts and circumstances of this case substantial justice will prevail only if defendant condemnee is awarded the counsel and expert fees necessitated by the condemnor's handling of the case.
With respect to the amount of the award, the matter will be set down for the taking of oral testimony on May 15, 1970, at which time the parties may be heard with respect to the reasonableness of an award.