119 N.J. Super. 59 (1972)
290 A.2d 154
STATE OF NEW JERSEY, BY THE COMMISSIONER OF TRANSPORTATION, PLAINTIFF-APPELLANT,
v.
JOHN N. MANDIS, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 28, 1972.
Decided April 21, 1972.
Before Judges LABRECQUE, KOLOVSKY and ALLCORN.
Mr. Alfred L. Nardelli, Deputy Attorney General, argued the cause for appellant (Mr. George F. Kugler, Attorney General, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel; Mr. Roger L. Hillman, Deputy Attorney General, on the brief).
Mr. Marvin H. Gladstone argued the cause for respondent (Messrs. Gladstone, Hart, Kronenberg, Mandis, Rathe & Shedd, attorneys).
*60 PER CURIAM.
Condemnation commissioners found that the value of defendants' property being taken by plaintiff was $66,700. On appeal, a jury found the value to be $82,000. Defendants unsuccessfully moved for a new trial or for entry of judgment n.o.v. in the sum of $125,000, which they claimed was the true value of the property. (Plaintiff had originally offered $53,000).
On May 1, 1970 judgment was entered on the jury verdict awarding defendants $82,000 plus interest at 6% per annum from April 14, 1969, the date the complaint was filed, it appearing that the plaintiff had not taken possession until after the jury verdict.
On July 23, 1970 defendants filed a notice of motion for an order awarding them "legal fees and expert witness fees in the total amount of $5200," alleging that they were entitled thereto under the authority of N.J. Tpk. Authority v. Bayonne Barrel & Drum Co., 110 N.J. Super. 506, an opinion filed in the Law Division on April 27, 1970.
Relying on that case, the trial court here on November 13, 1970 entered an order granting defendants' motion and setting the matter down for hearing as to amount of counsel fees and witness fees to be awarded. Following that hearing the court, on April 8, 1971, entered an "amended judgment," adding to the amounts set forth in the final judgment of May 1, 1970 "as additional compensable costs and expenses" to be paid by plaintiff to defendant, the sum of $5600."
Plaintiff appeals from the amended final judgment. We reverse. The Supreme Court's ruling in Housing Authority, Long Branch v. Valentino, 47 N.J. 265, 268 (1966) is dispositive:
With respect to the order denying counsel and expert witness fees, again we find no error. There is no provision in the statute for them. And the application for counsel fees is not within the scope of our existing rule. See R.R. 4:55-7 [now R. 4:42-9].
*61 In so far as N.J. Tpk. Authority v. Bayonne Barrel & Drum Co., 110 N.J. Super. 506 (Law Div. 1970), holds to the contrary, it is disapproved.
It is of interest to note that the bill which eventually was enacted as the "Eminent Domain Act of 1971," L. 1971, c. 361, N.J.S.A. 20:3-1 to 50, originally embodied a section reading as follows:
27. Expenses of condemnee. Should the compensation as finally determined in the action, exclusive of interest, exceed the amount of the deposit by 25% or more, the court, after hearing, may determine that in addition to the amounts so determined to be payable, the condemnor shall pay the expenses of the condemnee as herein defined, to be fixed by the court, but not to exceed 10% of the compensation so determined,
but that section was deleted before the bill was enacted into law.
The "amended judgment" is reversed.